BOISDERE & GOULE, f. p. c. *vs.* CITIZENS' BANK. .

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where stockholders have subscribed and complied with all the requirements of the charter, they are thereby entitled to all the rights of stockholders, which cannot be divested by amendatory acts of the legislature, accepted only by the president and directors of the institution.

The acceptance of an amended charter by the president and directors, which excludes a class of stockholders who are colored persons, when the original charter gives no authority to the board to obtain such a modification, does not operate a forfeiture of their stock, or divest them of their rights as stockholders.

If an act amendatory of the original charter of a bank, involves the destruction of a vested right, or impairs an obligation, it will be declared to be unconstitutional and void.

This is an action in which the plaintiffs, who are free people of color, claim the right and privilege of being stockholders in the "Citizens' Bank of Louisiana."

The rights and privileges claimed by the plaintiffs, are denied by the bank, on the ground, that by a *proviso* to an act, amendatory of the original charter, passed the 30th January, 1836, it is provided "*that* no person or persons who are not *free white* citizens of the United States, and domiciliated in the state of Louisiana, *shall be,* either directly or indirectly, owner of any part of the capital stock of said company."

. That the plaintiffs being persons of color were expressly excluded by the provisions of the amendatory act above referred to ; and that no section or clause of said act should go into operation, until the whole was accepted.

The defendants submit to the court, whether, under the provisions of this act, they can extend to the plaintiffs the rights, provisions and immunities of stockholders in said bank?

EASTERN DIST.
*May*, 1836.

BOISDERE AND
GOULE, f. p. c.
*vs.*
CITIZENS' BANK.

The facts and evidence of the case show, that the Citizens' Bank of Louisiana, was incorporated by legislative act, dated the 1st April, 1833. The third section describes who may become subscribers, viz: "all persons who shall be in good faith the owners and possessors of real property within this state." Under this section the plaintiffs, who are free persons of color, were permitted to subscribe, one for two hundred shares, or twenty thousand dollars, and the other for one hundred and fifty shares, or fifteen thousand dollars, to secure which, according to the provisions of the charter, they both mortgaged large property situated in the state, in August and September, 1834.

In 1836, to enable the bank to procure its capital stock, the legislature passed the amendatory act, pledging the faith of the state as security for the loan of the bank capital; and at the same time, provide in section third, "that for the guarantee of the bonds to be emitted by the state, in favor of the Citizens' Bank, &c., and for which the state pledges its faith, *all the securities granted by the act* of incorporation of said bank, and especially by the third and fourth sections of said act, to *the holders* of its bonds, are hereby transferred to the state, &c."

On this evidence the cause was submitted to the district judge, who decided that the plaintiffs should be recognized and admitted to be stockholders of the Citizens' Bank. Judgment being in favor of the plaintiffs, the defendants appealed.

*Benjamin* and *Roselius*, for the plaintiffs.

1. It is admitted by the pleadings and statement of facts, that the plaintiffs possessed all the qualities required by the third section of the original charter, for becoming stockholders, that they complied with all the requisitions of the original charter, and were actually stockholders in the bank, when the law of 30th January, 1836, was passed, by which the charter of the bank was amended. They were consequently parties to a *contract*, their interest in which could not be affected by any subsequent law of the legislature.

EASTERN DIST.
*May,* 1836.

BOISDERE AND
GOULE, f., p. c.
*vs.*
CITIZENS' BANK.

2. The eighth section of the amended act of 1836, contains no forfeiture of these rights and interests, nor does it: 1st. Because the words are in the future; 2d. Because the French text can admit of none but a future or prospective construction, even if the English were doubtful; 3d. Because even if the construction, were doubtful, the general rule is, that laws cannot have a retroactive effect; 4th. Because even if the legislature had the power to destroy vested rights, courts can never suppose their intention to be such, unless expressed in such language as to admit of no doubt; 5th. Because the clause on which defendants rely, is inserted immediately after those provisions which treat of the new subscriptions.

3. The amendments have never been accepted by the stockholders, and although the president and directors are the agents of the stockholders for administering their affairs, it can never be maintained, that these agents have the power of making such contracts, as will totally destroy the rights of their constituents, and abandon their property without any consideration whatever.

*Morphy,* for the defendants.

1. The proviso contained in the eighth section of the amendments to the original charter, excludes plaintiffs, in as much as it provides that they shall not be owners of *any part* of the capital stock of the Citizens' Bank.

2. The amendments have been accepted in the only way in which they could be accepted, *i. e.* by the president and directors of the bank, as required by the law, making these amendments.

3. The plaintiffs cannot contend, that the amendments have not been properly accepted, when they claim a participation in the privileges and benefits resulting from said amendments, without which the charter would have been a dead letter up to this day, and the stock merely nominal.

4. The legislature have the right to dissolve or modify a corporation legally established, when they deem it necessary or convenient to the public interest. *La. Code, article* 438.

*Bullard, J.*, delivered the opinion of the court.

The plaintiffs, f. p. c., allege that they were original subscribers and stockholders of the Citizens' Bank of Louisiana; that they executed their mortgages, which were duly accepted, in conformity with the charter, and they thereby became entitled to all the advantages, privileges and immunities conferred by the charter on stockholders; but they complain that the president and directors refuse to consider them as stockholders, or to allow them to act as such, or to dispose of their stock, or to accord to them the privileges to which they are entitled.

The defendants admit all the facts and allegations set forth in the petition, but aver, that when the faith of the state was pledged for the security of the capital of said bank, it was expressly provided, that no person or persons, not being a free white citizen of the United States, and domiciliated in the state, should be directly or indirectly owner of any part of the capital stock of the company, and that no part, sentence or clause of the act granting the faith of the state, should go into operation, until the whole should be accepted. They therefore submit the question, whether they can extend to the plaintiffs, who are free persons of color, the rights, privileges and immunities of stockholders, without a violation of the express conditions under which the faith of the state was granted.

It appears to us clear, that previously to the act of the legislature, amendatory of the charter, and pledging the faith of the state, the plaintiffs had fully complied with all the requirements of law, to constitute them stockholders. They were thereby entitled to all the rights of stockholders; they might sell their stock or pledge it for a loan, according to the provisions of the charter. Their right was fully vested. But it has been argued that until the money was procured, in consequence of the pledge of the faith of the state, the right of the plaintiffs was nominal, and could not be enjoyed, and that the legislature had a right to impose such conditions as it thought proper, and that the condition contained in the last act, does not violate a vested right. A right may

EASTERN DIST.
*May,* 1836.

BOISDERE AND
GOULE, f. p. c.
*vs.*
CITIZENS' BANK.

Where stockholders have subscribed and complied with all the requirements of the charter, they are thereby entitled to all the rights of stockholders, which cannot be divested by amendatory acts of the legislature, accepted only by the president and directors of the institution.

EASTERN DIST.
May, 1836.
‾‾‾‾‾‾‾‾‾‾
BOISDERE AND
GOULE, f. p. c.
vs.
CITIZENS' BANK.

The accept-
ance of an a-
mended charter
by the president
and directors,
which excludes
a class of stock-
holders, who are
colored persons,
when the origi-
nal charter gives
no authority to
the board to ob-
tain such a mo-
dification, does
not operate a
forfeiture of
their stock, or
divest them of
their rights as
stockholders.

exist, although its free enjoyment may be suspended or impeded. If the plaintiffs have forfeited or lost their privileges as stockholders, it must be either by their own acts or consent, or by operation of law.

The acceptance of the amended charter by the president and directors, cannot be considered as producing that effect, because by the charter, no authority is given to the board to obtain such a modification as to exclude a part of the original stockholders; and it does not appear that the charter, as amended, has ever been submitted to the stockholders. We are, therefore, of opinion, that the plaintiffs have not by their consent, lost their privilege.

It only remains to inquire, whether the act of the legislature amending the charter, and pledging the faith of the state, ought to be so construed as to operate the disfranchisement of the plaintiffs. That act first declares, that in order to facilitate the Citizens' Bank in the negotiation of the loan of twelve millions, the faith of the state is pledged for the security of said sum, and it provides for issuing the bonds of the state. The third section declares, that " for the guarantee of the bonds, to be emitted by the state, in favor of the Citizens' Bank, and of the interest thereof, and for which the state pledges its faith, all the securities granted by the act of incorporation of said bank, and especially by the third and fourth sections of said act to the holders of its bonds, are hereby transferred to the state, and the holders of the bonds which may be issued in virtue of this act." The securities here spoken of, as provided by the third and fourth sections of the original charter, are the mortgages given by the stockholders; so that the mortgages given by the plaintiffs, among other stockholders, are declared to accrue to the benefit of the state, and of the holders of its bonds; and form in fact a part of the security upon which the loan is to be obtained from foreign capitalists.

The eighth section of the amendatory act, provides for opening books of subscription to complete the capital stock, and a proviso to that section has created the present controversy. That proviso is in the following words, " that no

person or persons, who are not free white citizens of the United States, and domiciliated in the state of Louisiana, shall be either directly or indirectly owners of any part of the capital stock of said company."

If this clause be susceptible of two interpretations, we consider ourselves bound to give it that which would not involve the destruction of a vested right, the impairing of an obligation, because if such were its clear import, we should be compelled to say that it is unconstitutional, and void. That the legislature did not intend to destroy any of the mortgages previously given by subscribers, is quite clear, because they are declared to accrue to the benefit of the state, and to the holders of its bonds, as a security for the reimbursement of the loan. No exception is made of those mortgages given by persons not white, and not citizens of the United States. It would lead to great inconsistency to suppose, that the legislature intended at the same time to annul acts of mortgage, which they accept as a consideration upon which the bonds of the state are issued, and which by the same act, are held out as inducements to capitalists to loan the capital stock. The words of the proviso are prospective, and refer to the future. The only doubt arises from using the words, "*shall be*," instead of shall *become* "*deviendra*," as is employed in the French text. But according to the best lexicographers, the words *to be*, is some times used as synonimous with, to *become*, "*to be made to be*," and the example given is, "and they twain *shall be* one flesh," in the old English translation of the bible. Taken in this sense, we may fairly conclude, that the legislature only intended to provide, that hereafter none but free white citizens shall become stockholders, either by subscription, under that section of the act, or by a transfer of existing stock, leaving the rights of all who were at that time stockholders unimpaired. It follows as a necessary consequence, that the president and directors, by a negotiation of the rights of the plaintiffs, would not violate any condition upon which the faith of the state has been pledged; for we cannot consider the legislature as having required or imposed a condi-

EASTERN DIST.
*May*, 1836.

BOISDERE AND
GOULE, f. p. c.
*vs.*
CITIZENS' BANK.

If an act a-mendatory of the original charter of a bank, in-volves the de-struction of a vested right, or impairs an obli-gation, it will be declared to be unconstitu-tional and void.

EASTERN DIST.
*May,* 1836.

tion constitutionally and legally impossible, that of annihilating the acquired and vested rights of the plaintiffs, without their consent.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.