WILLAM BARRY *vs.* LEMUEL PAGE & another.

The objection that a transitory action brought by a citizen of another state is not brought in the county of the defendant's residence or place of business, as required by *St.* 1856, *c.* 70, cannot be first taken after verdict.

A foreign principal may maintain an action in his own name for goods sold by his agent here, although no agency is disclosed at the time of the sale.

ACTION OF CONTRACT by a citizen of New York to recover the price of goods sold by his factors in Boston to the defendants.

At the trial in the superior court of Suffolk at January term 1858, it appeared that the goods were consigned by the plaintiff to the factors, and sold by them without mentioning their principal or indicating in any way that they were not their own, and that they subsequently presented bills for the goods in their own name.

The defendants asked the court to rule that the action should have been brought by the factors, and could not be maintained in the name of this plaintiff. But *Nash,* J. ruled that the action was rightly brought, a verdict was returned for the plaintiff, and the defendants alleged exceptions.

*B. Dean,* for the defendants, in support of the exceptions,

cited Story on Agency, §§ 288, 290, 400, 423, 448; Paley on Agency, 324, (3d Amer. ed.) note; *Merrick's estate,* 5 W. & S. 14.

He also moved in arrest of judgment, because, as appeared on the face of the writ, the plaintiff lived out of the State, and the defendants resided and had their place of business in the county of Middlesex; and therefore by *St.* 1856, *c.* 70, this action could only be brought and determined there.

*C. P. Hinds & W. Tilton,* for the plaintiff.

BIGELOW, J. 1. The objection to the jurisdiction of the court over the person of the defendant comes too late after he has pleaded to the merits and had a verdict rendered against him. *Brown* v. *Webber,* 6 Cush. 564. *Loomis* v. *Wadhams,* 8 Gray, 561.

2. As the contract of an agent is in law the contract of the principal, the latter may come forward and sue thereon, although at the time the contract was made the agent acted as and appeared to be the principal. There is a qualification of the rule, by which it is held that when a contract has been made for an undisclosed principal, who permits his agent to act as apparent principal in the transaction, the right of the former to intervene and bring suit in his own name is not allowed in any way to affect or impair the right of the other contracting party, but he will in such case be let in to all the equities, set-offs and other defences to which he would have been entitled, if the action had been brought in the name of the agent. But in the case at bar it does not appear that the defendant has any defence to the action, which he could have made if it had been brought by the agent. The objection is purely technical, and goes only to defeat the right of action by the principal, irrespectively of any meritorious answer to the suit.

It has been sometimes said that when a sale is made by a factor for a foreign principal, the latter cannot sue for the price. This supposed exception has been put on the ground that in such case the presumption at law is, that exclusive credit was given to the agent, and therefore the principal cannot be treated in any manner whatever as a party to the contract. But the later and better opinion is, that there is no such absolute pre-

sumption, and that a principal, whether foreign or domestic may sue to recover the price of goods sold by his factor, unless it is made affirmatively to appear that exclusive credit was given to the agent, by proof, other than the mere fact that the princi-pal resided in another state or country. Story on Agency, § 420. Paley on Agency, (4th Amer. ed.) 324, note. *Taintor* v *Prendergast,* 3 Hill, 72. *Ilsley* v. *Merriam,* 7 Cush. 242. No fact appears in the exceptions to show any exclusive credit by which to take the present case out of the ordinary rule by which the principal can maintain an action in his own name.

*Exceptions overruled*