## BARTON BROTHERS v. HANAUER, KOHN & CO.
### No. 81.

1. COURTS OF APPEALS—*Only Parties Below Are Necessary for Review.* To give an appellate court jurisdiction to review the judgment of the district court, it is only necessary for the plaintiff in error to make all persons who were parties to the suit below parties to the proceedings in error. Persons who were not parties in the district court are not affected by its judgment, and are not necessary parties to the proceeding for a reversal of the judgment.

2. ATTACHMENT—*Creditor May Question, by Interplea, Jurisdiction of Another Court.* Where a party has obtained a valid lien on property by attachment, and has prosecuted his action therein to a final judgment, and the court has sustained such attachment, he may come into another court in an action where he is not a party, and move to discharge the attached property from any subsequent attachment thereof, and, on such motion, may show that the court in the subsequent proceeding had no jurisdiction over said property, and that such attachment proceeding is void.

3. ACTIONS—*Where They Must Be Brought.* Where an action is not of a local character against a resident of this state, it must be brought in the county where the defendant resides or where he may be summoned.

4. ———— *Proceedings in Attachment—Process to Another County.* Where a party is a resident of this state and owns property in some other county than that of his residence, and the action is a personal one, suit to reach his property can only be brought in the county where he resides or where he may be summoned; but when the action is brought in the proper county, orders of attachment may issue to the sheriff of any other county in the state where the property may be found, and the property seized thereunder; but the sheriff serving such writ must make a return of the order to the court from which it issued.

MEMORANDUM.—Error from Ford district court;. A. J. ABBOTT, judge. Action by Hanauer, Kohn & Co. against Julius Wulfsohn and others in attachment. Barton Brothers intervened and moved to dissolve the attachment. From an order denying said motion Barton Brothers bring the case to this court. Reversed. The opinion herein was filed May 12, 1896.

The statement of the case, as made by JOHNSON, P. J., is as follows :

In 1893 Julius Wulfsohn was engaged in the mercantile business in the town of Ingalls, Gray county, Kansas, and was also a partner in a mercantile house in Dodge City, in Ford county, Kansas, under the firm name of Wulfsohn & Swartzman ; he was largely indebted to various parties on his own individual behalf, and the firm of Wulfsohn & Swartzman were also owing large sums to various parties. On the 9th day of October, 1893, Julius Wulfsohn executed a certain chattel mortgage on his goods, wares and merchandise and store fixtures used in his business at Dodge City, and also a chattel mortgage was executed by Wulfsohn & Swartzman upon the stock of goods and fixtures of Wulfsohn & Swartzman, in Dodge City. One of these mortgages was executed to secure about $4,000 of Wulfsohn's individual indebtedness, and the other mortgage was executed to secure about $3,500 of the indebtedness of the partnership of Wulfsohn & Swartzman. On the same day other creditors who were not secured by mortgage began suit against Julius Wulfsohn, and caused attachments to be issued, and the stock of goods was seized under the orders of attachment. Some of the suits were commenced in the district court of Gray county and some in the district court of Ford county.

Julius Wulfsohn was a resident of Gray county, and, in the suits commenced in Gray county, service of summons was duly made on him in said county, and orders of attachment were also issued by the clerk of the district court of Gray county, and also to the sheriff of Ford county. The goods of Wulfsohn were seized by the sheriff of both Gray and Ford

counties under the orders of attachment.   In the attachment suits brought in Ford county summons was issued, but returned not served, because Wulfsohn could not be found in the county.   Orders of attachment were also issued by the clerk of the district court of Ford county, directed to the sheriff of said county, and the goods of Wulfsohn situated in Ford county were seized by the sheriff of said county. Judgments were afterward rendered by the district court of Gray county against Wulfsohn on the several suits instituted in said court, and the attachment proceedings were sustained.   In the suits commenced in the district court of Ford county the only service had on Wulfsohn was by publication in a newspaper.

After the rendition of judgment in the district court of Gray county, and the sustaining of the attachments therein, the parties to the several judgments appeared in the district court of Ford county and attempted to intervene and move to set aside the attachments and discharge the attached property, for the reason that they, by their attachment proceedings, acquired liens on the attached property that were valid, subsisting liens, and prior and paramount liens to the attempted attachment proceedings in Ford county, for the reason that the district court of Ford county had never acquired jurisdiction over Wulfsohn, or over the property seized under the orders of attachment issued by the clerk of the district court of Ford county, and the whole proceedings were void.   The motions were overruled and exceptions taken, and such proceedings were afterward had as resulted in judgment in the cases in the court of Ford county, and exceptions were duly taken and cases made and brought to this court for review.

*Milton Brown*, for plaintiffs in error.

*H. F. Mason*, and *M. W. Sutton*, for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J. : In 1893 Julius Wulfsohn was engaged in the mercantile business in the town of Ingalls, Gray county, Kansas, and was also a partner in a mercantile house in Dodge City, Ford county, under the firm name of Wulfsohn & Swartzman ; he seemed to be greatly embarrassed by individual indebtedness, and the firm of Wulfsohn & Swartzman were also largely indebted to various persons. On the 9th day of October, 1893, Julius Wulfsohn gave a certain chattel mortgage on his goods, wares and merchandise that were then in the store at Dodge City, Ford county, and also at the same time a chattel mortgage was executed by Wulfsohn & Swartzman upon the stock of merchandise then owned by them in Dodge City ; the one mortgage was executed to secure about $4,000 of the individual indebtedness of Wulfsohn, and the other mortgage was executed to secure about $3,500 of the indebtedness of the firm of Wulfsohn & Swartzman.

On the 10th day of October, 1893, Barton Brothers began an action in the district court of Gray county, Kansas, against Julius Wuhlfsohn, and obtained personal service of summons upon him on the same day in Gray county, and, on filing their petition, they filed the necessary affidavit and undertaking for an attachment, and caused an order of attachment to issue to the sheriff of Gray county, and also an order of attachment to issue to the sheriff of Ford county. The goods of Wulfsohn were seized by the sheriffs of

each county under said orders of attachment and due return made thereof to the clerk of the district court of Gray county.   Afterward, and at the next term of the district court sitting within and for Gray county, judgment was rendered in said action in favor of Barton Brothers against Julius Wülfsohn for the full amount of their claim, and the attachments were sustained.   On the 10th day of October, 1893, the Standard Shoe Company also commenced an action in the district court of Gray county against Julius Wulfsohn, and obtained personal service of summons upon him in said county on the same day.   On filing the necessary affidavit and executing the proper undertaking, they caused an order of attachment to be issued by the clerk of the district court to the sheriff of Gray county, and also an order of attachment to issue to the sheriff of Ford county, and the sheriffs of both Gray and Ford counties seized the goods and chattels of Julius Wulfsohn under said attachments, and made due return thereof to the clerk of the district court of Gray county, and at the next term of the district court of Gray county judgment was rendered in said action in favor of the Standard Shoe Company against Julius Wulfsohn for the full amount claimed, and the attachments were sustained by the court.

On the 10th day of October, 1893, Hanauer, Kohn & Co. filed their petition in the office of the clerk of the district court of Ford county, and caused a summons to issue therein, which summons was returned by the sheriff of said county not served — Julius Wulfsohn not found in Ford county — and, on the same day, upon the filing of an affidavit and undertaking in attachment, they caused an order of attachment to issue directed to the sheriff of Ford county, Kansas, and upon the same day the sheriff seized the interest

of Julius Wulfsohn in the goods, wares and merchandise in the store building at Dodge City, subject to two chattel mortgages. On the 14th day of October, Hanauer, Kohn & Co. filed an affidavit in garnishment in the office of the clerk of said court, and garnishment summons was issued therein. On October 27, 1893, they filed an affidavit for publication notice to Wulfsohn. On October 27, 1893, Charles Dickerson, agent for all of the mortgagees, filed an answer on behalf of the mortgagees to the garnishment summons, setting up the claim of the several mortgagees, and alleging that on the 9th day of October, 1893, he took possession of all of said goods and chattels in the store building of the defendant at Dodge City, Kan., and claiming the right to hold the mortgaged property for the payment of said mortgages; he showed that the goods invoiced $15,243.66, and alleged that said mortgagees had been in the possession, in the manner aforesaid, of said property since the hour of 8 o'clock A. M. on the 9th day of October, 1893, and at that time and prior to the issuing of the garnishment summons in this action, and also alleged and showed the various attachments that had been levied on said goods since that time.

On May 1, 1894, Barton Brothers and the Standard Shoe Company each separately appeared in the district court of Ford county and intervened, and filed their separate motions to set aside and dissolve the attachments and discharge the attached property from any lien whatever under the attachment proceedings attempted in Ford county, and set up that they have, by their attachment proceedings in the district court of Gray county, acquired valid liens upon the attached property, and that each has a subsisting lien thereon,

and their liens are prior and paramount to the liens of the attempted attachment proceedings in Ford county, for the reason that the district court of Ford county had never acquired jurisdiction in the matter, and that the whole proceedings therein were void. These motions were each denied by the court, and the court thereupon proceeded to render judgment in favor of Hanauer, Kohn & Co. against Julius Wolfsohn, on default, for the full amount of their claim, and sustained the attachments against the property. Barton Brothers and the Standard Shoe Company each separately excepted to the judgments, filed motions for new trials, which were overruled and exceptions taken, and they made cases and bring the matter here for review.

There were four different cases pending in the district court of Ford county at the same time, in which the parties were all claiming an interest in the property under attachment proceedings. A receiver was appointed, who sold the property under order of the court, and the court undertook to determine the priorities of the several attachment liens, and ordered the proceeds to be distributed according to the judgments therein rendered. It is claimed that the court erred in the order determining the priority of liens, by finding in favor of the several plaintiffs in cases commenced in the district court of Ford county. It is shown by the record that Julius Wulfsohn, at the time of the commencement of the several suits in the district court of Ford county and the issuing of the order of attachment therein, was a resident of Gray county, in the state of Kansas, and that he was not in the county of Ford, and could not have been, and was not served with summons in said county, and that he did not voluntarily enter his appearance in any of the suits in said county.

We are confronted in the first step in these cases with a motion to dismiss the petitions in error in the cases for the reason that the court has not jurisdiction, because plaintiffs in error have not brought all the parties before this court that may be affected by a review of these cases or that claim an interest in the property involved in the several cases.

The plaintiffs in error have brought all the parties before this court that were parties to the litigation in the district court. Some of these were parties in one suit and some were parties in other suits, and they are all before this court in the proper cases. We think the parties that may be affected by review of these cases are all before this court, and their rights and interests will be fully protected by the judgment and consideration thereof.. To give this court jurisdiction it is only necessary to bring all parties that were parties to the suit below. Persons who were not parties in the district court are not affected by its judgments, and are not necessary parties to the proceedings in error for a reversal of such judgments. The plaintiffs in error have made the persons who were parties to the suit in the district court parties to the proceedings for a review in this court in the same suit that they were parties to below; or, in other words, those that were parties to that branch of the case that is affected by these proceedings.

This brings us to a consideration of the material questions alleged as error, for which a reversal of the judgment is sought. The plaintiffs in error, after having commenced their action in the district court of Gray county, and obtained personal service of summons on defendant Wulfsohn in that suit, procured valid attachments on the property of Julius Wulfsohn, and prosecuted their actions to final judgment, and the attachments were sustained by the court. They

then came into the district court of Ford county and filed their motion to dissolve the attachments and discharge the property from the claim of any lien thereto by the plaintiffs in the actions therein.   The motions set out all the facts necessary to authorize them to intervene, and were supported by affidavit.

Section 45a of the code (Gen. Stat. 1889, ¶ 4123) provides :

"Any person claiming property, money, effects or credits attached. may interplead in the cause, verifying the same by affidavit made by himself, agent, or attorney, and issues may be made upon such interpleader, and shall be tried as like issues between plaintiff and defendant, and without any unnecessary delay."

The district court entirely disregarded the motion of the plaintiffs in error and rendered judgment against Wulfsohn by default, and sustained the attachment and made it a paramount lien to that of the plaintiffs in error.   Upon the facts disclosed, Barton Brothers and the Standard Shoe Company were interested in the property attached, and also in having it discharged from the attachment, which the record shows was wrongfully levied thereon.   (*Bank of Santa Fe v. Haskell Co. Bank*, 54 Kan. 378 ; *Dolan v. Topping*, 51 id. 321.)

The plaintiffs in error, having appeared and intervened in the actions and set up fully such facts as entitled them to a dissolution of the attachments and a discharge of the property, and such facts being admitted, they were entitled to a dissolution of the attachments and a discharge of the property from any pretended lien of the defendants in error.   They were entitled to raise the question of jurisdiction in said court, and it was the duty of the court first to pass upon the question of its jurisdiction to further enter-

tain the action.    This brings us to a consideration of the question of jurisdiction of the district court of Ford county.

Chapter 80 of the General Statutes of 1889, commonly known as the code of civil procedure, is intended to regulate the procedure in all civil actions, and defines the manner of bringing actions, the rules governing the procedure therein, the time in which an action may be commenced, who are necessary parties ; also, when an action is deemed to be commenced, and the county in which actions may be brought.

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in section 47 : *First,* For the recovery of real property or an estate therein, or for the determination in any form of any such right or interest.    *Second,* For the partition of real property. *Third,* For the sale of real property under mortgage, lien, or other incumbrance or charge.    (Gen. Stat. ¶ 4125.)

Actions for the following causes must be brought in the county where the cause, or some part thereof, arose :

First, an action for the recovery of a fine, forfeiture or penalty imposed by statute, except that when it is imposed for an offense committed on a river or other stream of water, or road, which is the boundary of two or more counties, the action may be brought in any county bordering on such river, watercourse, or road, and opposite to the place where the offense was committed.    Second, an action against a public officer for an act done by him in virtue or under color of his office or a neglect of his official duties.    Third, actions on an official bond or undertaking of a public officer.    An action other than those mentioned in sections 46, 47 and 48 of article 5, against a nonresident

of this state or a foreign corporation, may be brought in any county in which there may be property of or debts owing to said defendant, or where said defendant may be found; but if said defendant be a foreign insurance company, the action may be brought in the county where the cause, or some part thereof, arose. Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned. This statute is of itself a source of jurisdiction and a guide and limitation thereto; it makes the *locus in quo* the place where certain actions must be brought, and limits the action to the locality where the subject of the action is situated or where the cause of action arose, and the suit must be brought in the county where the property to be affected by the judgment of the court is situated, or, where the action is local in its character, to the county in which it arose. All other actions than those made local by the legislature must be commenced in the county where the defendant or some one of the defendants reside, or where he may be served with a summons. Actions against foreign corporations or nonresidents may be brought in any county in which there may be property of or debts owing to the defendant.

Where the action is not of a local character, against a resident of the state, it must be brought in the county where he resides or where he may be summoned. Actions are either *in personam* or *in rem*. In all actions *in personam* there are adversary parties, and the court cannot entertain any such action until it has jurisdiction over the subject-matter and of the parties; but in proceedings *in rem* the jurisdiction is over the property alone, and it must be within the jurisdiction of the court. Where a party is a

resident of this state, and owns goods, wares and mer-
chandise in some other county than that of his resi-
dence, and the action is a personal one, a suit to reach
such property must be commenced in the county of
the residence of the owner, or in some county where
he can be served personally with summons ; and, when
the action is brought in the county where the defend-
ant resides or where he may be summoned, orders of
attachment may be directed to the sheriff of any other
county in the state, and defendant's property seized
thereby ; but the sheriff must make his return to the
court having jurisdiction of the suit, and all orders
and proceedings thereafter must be by the court where
defendant resides or where he has been legally sum-
moned.    Where an action for the recovery of money
is brought against a resident of this state in some
county other than that of his residence or where he
may be served with summons, the court acquires no
jurisdiction of the subject of the action or of the per-
son of the defendant.

There are three methods by which the want of juris-
diction may be taken advantage of : (1) By motion to
dismiss ; (2) by demurrer ; (3) by plea.    The motion
to dismiss may be made at any time, where the court
has no jurisdiction of the subject-matter or of the
party, and may be made by any person who will be
injuriously affected by such proceedings.    The district
court of Ford county did not acquire jurisdiction over
the person of Julius Wulfsohn by the commencement
of suits in Ford county, and no suit could legally be
instituted against him in said county in his absence
therefrom ; and an order of attachment in a civil action
for the recovery of money may be issued at or after
the commencement thereof.    It therefore follows that
the clerk of the district court of said county could not

legally issue an order of attachment in said action. The order of attachment, being issued without authority, was a nullity, and the parties did not obtain any lien on the property of Julius Wulfsohn. The district court of Ford county not having acquired jurisdiction over either the person of Julius Wolfsohn or his property, when the attention of the court was called to these matters, it should have dismissed the action and discharged the property from the illegal seizure thereof.

The judgment of the district court is reversed, and the case remanded for such further proceedings as are indicated in this opinion.

All the Judges concurring.