JOSEPH Y. BURKE v. W. B. MALABY AND THOMAS GOSSNEL.

(Filed September 3, 1904.)

1. REAL ESTATE—Venue—Organic Act. The provisions of sec. 48, civil code, Wilson's Statutes, sec. 4246, requiring certain classes of civil actions to be brought in the county in which the subject of the action is situated, is, in so far as it relates to resident defendants, in irreconcilable conflict with the provisions of the act of congress, sec. 10, Organic Act, requiring that "All civil actions shall be instituted in the county in which the defendants or either of them reside or may be found," and such provisions of the code are void as inconsistent with the laws of the United States.

2. SAME. An action affecting an interest in real estate in this Territory, where the real estate is situated in one county and the defendant resides in a different county, must be instituted in the county where the defendant resides.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Moore & Moore,* for plaintiff in error.

No appearance for defendants in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, Joseph Y. Burke, brought suit in the district court of Garfield county against the defendants in error, W. B. Malaby and Thomas Gossnell, for the purpose of procuring a decree quieting the title to land in Woods county, Oklahoma. The petition alleged that he was the owner and in the actual and undisputed possession of the land in question, and that the defendants were claiming to be the owners and holders of a mortgage which constituted an apparent lien on said land, and which mortgage he alleged for reasons stated was void and of no effect as against him, and he asked that said mortgage be cancelled and his title quieted. The defendants appeared and demurred to the petition, and among other causes alleged that the court had no jurisdiction of the subject-matter of the action. The court sustained the demurrer, and the plaintiff declining to plead further, the cause was dismissed at the costs of plaintiff, and from this order and judgment the plaintiff appeals.

The record and arguments present but one question for our determination. The defendants have been sued in Garfield county, the county of their residence, and the subject-matter of the action is real estate located in Woods county. The question of the jurisdiction of the district courts in actions classed by our civil code as local, is one which has

been much discussed by lawyers and frequently suggested in the district courts, but it has not before been presented to this court for judicial determination.

In the Territory we derive all our powers, executive, legislative and judicial from the acts of congress creating the Territory, prescribing its governmental functions and defining and limiting its legislative authority. The Organic Act is the supreme law of the Territory and sustains to our governmental powers the same relation as a constitution to those of a state. The power of congress to legislate for the Territory is limited only by the Constitution of the United States; while the legislative power of the Territory is limited by the Constitution and laws of the United States. The courts of the Territory are created and their jurisdiction conferred by the laws of the United States, and where congress has spoken upon any specific subject within its province, to that extent the legislative power of the Territory over the same subject-matter is superseded and its powers suspended. It is a general principle of government arising out of necessity that where one body is subordinate to another, both having concurrent powers in relation to a particular subject, the exercise of such power by the superior body suspends the authority of the subordinate body over such subject, and the laws of the superior body are, and of necessity must be, paramount.

The Organic Act of Oklahoma, 26 Stat. at Large, chap. 182, p. 81, sec. 10, among other provisions, contains the following: "And all civil actions shall be instituted in the county in which the defendant, or either of them, resides or may be found; and when such actions arise within any portion of said Territory not organized as a county, such ac-

tions shall be instituted in the county to which such territory is attached for judicial purposes, but any case, civil or criminal may be removed, by change of venue, to another county." And by section 6 it is enacted: "That the legislative power of the Territory shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States."

By other provisions of the act the district courts are given general common law and chancery powers and jurisdiction over all offenses committed within the Territory of Oklahoma against either the laws of the United States or of the Territory. The district courts as thus created and with their extensive and general jurisdiction, are superior courts of general jurisdiction, and belong to that class of courts of which it has been said: "The rule for jurisdiction is this, that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so, and on the contrary nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged." (*Kinney v. Greer,* 13 Ill. 432.)

The legislature of the Territory, in 1893, in the exercise of its powers over a rightful subject legislation, adopted a code of civil procedure which was intended to be sufficiently comprehensive to embrace the practice and procedure in every form of civil action, whether originally at law or in equity. This code, sec. 10, chap. 66, Wilson's Stat. 1903, abolishes the distinction between actions at law and suits in equity, and declares that in their place there shall be but one form of action, which shall be called a civil action.

By sec. 48 of the code it is provided: "Actions for the following causes must be brought in the county in which the

subject of the action is situated, except as provided in section forty-nine.

First:  For the recovery of real property, or of any estate or interest therein, or the determination in any form of any such right or interest."

The action in this case is by the code denominated a "civil action," and is by the provisions of the code required to be brought in the county where the real estate is situated, it being an action for the determination of an interest in real estate.  The provisions of the Organic Act as positively require that the action "shall be instituted in the county in which the defendant or either of them resides or may be found."  Can these antagonistic provisions be reconciled so that each may be given force and effect?  If they cannot, then the subordinate must yield to the superior; and the provision of our civil code, wherever antagonistic to the provisions of the Organic Act, are nugatory and void.

Where the lawmaking department is restricted in its powers by a written fundamental law, any law enacted in opposition to the fundamental law is in excess of legislative authority, and therefore void.  The will of the legislature is law only when it is in harmony with, or at least is not opposed to, that controlling higher law which governs the legislative assembly in the exercise of its powers and functions. It follows that there is a dual restriction upon the legislative authority vested in the legislative department of the Territory.   There is first that restriction which arises from the fact that the Territory is a subordinate division of the general government, for which congress may legislate directly, and when congress has exercised this power in relation to any particular subject-matter, the right of the Ter-

ritorial legislature is thereby suspended, and its laws not in harmony with the action of congress are void. And secondly, the legislative power of the Territory is restricted by the inhibition directly expressed in the fundamental law, the Organic Act, limiting the exercise of such power to rightful subjects of legislation, not inconsistent with the Constitution and laws of the United States.

When the validity of a legislative enactment is called in question by reason of conflict with a fundamental law, it is the duty of a court, if possible, to give the statute such a construction as will enable it to have effect. (Cooley's Constitutional Limitations, [7th. Ed.] p. 255). In *Newland v. Marsh,* 19 Ill. 376, the supreme court of Illinois said: "Whenever an act of the legislature can be so construed and applied as to avoid conflict with the constitution and give it the force of law, such construction will be adopted by the courts."

In *People v. Supervisors,* 17 N. Y. 235, it was said: "Before proceeding to annul by judicial sentence what has been enacted by the lawmaking power, it should clearly appear that the act cannot be supported by any reasonable intendment or allowable presumption."

The supreme court of Louisiana, in *Boisdere v. Citizens Bank,* 9 La. 506 stated the rule thus: "It is the duty of the court to adopt a construction of a statute which, without doing violence to the fair meaning of words, brings it into harmony with the constitution." And the same rule was adopted by the supreme court of the United States in *Grenada County v. Brogden,* 112 U. S. 261.

Applying these well-settled rules, we have sought to discover some reasonable grounds upon which these two laws

can be reconciled and both be permitted to stand, but in this effort we have failed. There is an irreconcilable antagonism between the fundamental law and the subservient law. . The superior law declares that: "All civil actions shall be instituted in the county in which the defendant or either of them resides or may be found." The inferior law provides that certain classes of actions, of which this case is one, must be brought in the county in which the subject of the action is situated. Under one statute the venue of the cause is fixed by the residence of the defendant; under the other statute the venue is determined by the location of the subject of the action, an antagonism which, in the case under consideration, cannot be harmonized.

After prescribing what actions are local, sec. 57 of the code further provides: "Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned." This provision is in harmony with the act of congress; and should it be contended that the cause of action set forth in the petition does not come within the statutory classification of local actions, yet the result would be the same in this case. If the action is one *in personam,* and comes within the provisions of sec. 57 of the code, then the demurrer was improperly sustained. Under the chancery practice, prior to the adoption of code proceedings, the proceeding to quiet title was by suit in equity, and the remedy was by decree *in personam;* the suit was brought in the county of the residence of the defendant.

But we think our statute broad enough to embrace within its provisions suits to quiet title to real estate, and that

the action in this case was properly brought in Garfield county.

While the petition contains no allegations that the defendants are residents of Garfield county, yet they were sued in that county, served with summons in that county, and appeared and made no objection to the jurisdiction of the court over their persons, but objected only that the suit should have been instituted in Woods county where the real estate was situated. It is the general rule that where one is served in a county where he is sued, and makes no objection to the venue, that it will be presumed that he is a resident of the county where he is sued and served with process. It will be observed that the provision of the Organic Act, designating where persons shall be sued, makes no provision for non-residents, and as the civil code makes ample provision for proceedings and service of process in actions against non-residents, such provisions will control.

A careful examination of the several provisions of the code reveals the fact that no serious difficulties or embarrassments can result from this defect in the code of civil procedure. In the class of cases ordinarily classed as local under the code, actions may be instituted in the county where the defendants or some one of them reside; and there is existing provision for sending summons to different counties; for change of venue from the county when the interests of the parties require it; for issuing execution or order of sale after judgment or decree to the county where the property affected is located; and for recording a decree in the office of the register of deeds, which may take the place of a conveyance, when the party has failed to execute proper conveyances.

While it appears to be disturbing and overturning a settled practice of several years standing, yet the several provisions of the code hereinbefore referred to seem to be ample and sufficient to meet all requirements, and that no injurious results can occur.

It was argued by counsel for plaintiff in error that the question of where this suit should be brought is one of jurisdiction, and that a judgment rendered in a case where the action has not been brought in the proper place is void. This does not seem to be the law as determined by the great weight of authority. The question of venue, under such statutes either as to person or subject-matter, is one that may be waived by the defendant; and where the court is one of general jurisdiction, having jurisdiction generally of the subject-matter of the action, and having obtained service on the defendants, and no objection is made to the venue, the question will be treated as waived, and the judgment held valid, and it will be too late to raise the objection on appeal, or in a collateral proceeding. (*Hearne v. DeYoung*, 111 Cal. 373; *Colorado Cent. R. R. Co. v. Caldwell*, 11 Col. 545; *Kenney v. Greer*, 13 Ill. 432; *Toledo W. & W. Ry. Co. v. Williams*, 77 Ill. 354; *Stackhouse v. Zuritz*, 36 La. Ann. 529; *Collins v. Bowen*, 45 Minn. 186; *Christion v. O'Neal*, 46 Miss. 669; *Clarke v. Lyon Co.*, 8 Nev. 181; *McMinn v. Hamilton*, 77 N. C. 300; *Fairbanks & Co. v. Blum*, 2 Tex. Civ. App. 479; *In re Runzi*, 3 Fed. 790; *Turner v. Commonwealth*, 40 Ky. 205; *Barry v. Page*, 76 Mass. 398). We do not however question the settled rule that jurisdiction of the subject-matter cannot be conferred by agreement or waived by failure to object, and when the court is without jurisdiction of the subject-matter its judgment will be void.

The judgment of the district court of Garfield county is reversed and cause remanded, with directions to overrule the demurrer for want of jurisdiction, and proceed with the cause in order.

Beauchamp, J., who presided in the court below, not sitting; Pancoast, J., absent; all the other Justices concurring.