## CLARK v. WILLIS.

No. 3927.   Opinion Filed November 24, 1914.

(144 Pac. 587.)

**VENUE—Nonresident of County—Acquisition of Jurisdiction.**   The defendant in error, a resident of Harmon county, was found in Greer county, and was there sued on contract and summons served upon him.   He went voluntarily into Greer county on his own private business.   He was not "going, returning, or attending (court) in obedience to a subpoena," nor was he in Greer county through any artifice, trickery, fraud, or the procurement of the plaintiff.   **Held,** the court had jurisdiction of the person of defendant and committed reversible error in holding otherwise.

(Syllabus by Brewer, C.)

*Error from County Court, Greer County;*

*Jarrett Todd, Judge.*

Action by G. E. Clark against J. N. Willis. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

*Tisinger, Clay & Robinson,* for plaintiff in error.

*C. C. Wells,* for defendant in error.

Opinion by BREWER, C. J. N. Willis, a resident of Harmon county, Okla., who happened to be in Mangum, Greer county, Okla., was, while there, sued and served with summons at the instance of the plaintiff in error, G. E. Clark. A plea to the jurisdiction was filed, in which it was claimed that the county court of Greer county had no jurisdiction over the person of the defendant, for the reason that the defendant was a resident citizen of Harmon county, Okla., and had been such for many years, etc. The plea to the jurisdiction of the court going on to be heard by the court, the parties agreed upon and filed the following statement of facts:

"It is hereby stipulated and agreed by and between plaintiff and defendant that at the time of the filing of this suit, and for a long time prior thereto, the defendant was a resident of Harmon county, a married man, and head of a family residing in said county of Harmon; that he was residing on the land, in said Harmon county, described in plaintiff's petition, and that all the property attached was raised and grown thereon in the year 1910; that defendant was served with the summons issued on the petition filed herein, and that the petition was filed, summons was issued and he was served with the same while he was in Greer county, Okla.; that at the time suit was filed, and the summons issued and served on him, as aforesaid, he was voluntarily in Greer county, Okla., for the purpose of shipping the cotton, or a part of the cotton, herein attached, from Mangum, Greer county, Okla., to Galveston, Tex., and was not a suitor or witness in any court in said Greer county, nor had he been induced to come into said county by any one for any purpose other than the private business of defendant."

After considering the same, the court sustained the defendant's plea to its jurisdiction and dismissed the cause. The plaintiff below comes here as plaintiff in error and presents the sin-

gle question: Did the court, under the circumstances, have jurisdiction of the person of the defendant?

The defendant in error is in default in this court as to a brief, and we might well dispose of the matter by invoking the rule announced in many cases that in such situation the court is under no obligation to search the record to find some theory upon which the judgment of the lower court may be sustained, but will reverse the cause where it appears reasonably certain, from a perusal of plaintiff in error's brief, that error has been committed. *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *Ellis v. Outler,* 25 Okla. 469, 106 Pac. 957; *Buckner v. Oklahoma Nat. Bank,* 25 Okla. 472, 106 Pac. 959; *Reeves & Co. v. Brennan,* 25 Okla. 544, 106 Pac. 959; *Sharpleigh Hdw. Co. v. Pritchard,* 25 Okla. 808, 108 Pac. 360; *Butler v. Stinson,* 26 Okla. 216, 108 Pac. 1103; *School Dist. v. Shelton,* 26 Okla. 229, 109 Pac. 67, 138 Am. St. Rep. 962; *Flanagan v. Davis,* 27 Okla. 422, 112 Pac. 990; *Missouri, K. & T. Ry. Co. v. Long,* 27 Okla. 456, 112 Pac. 991; *Phillips v. Rogers,* 30 Okla. 99, 118 Pac. 371; *Doyle v. School Dist.,* 30 Okla. 81, 118 Pac. 386; *Bank of Grove v. Dennis,* 30 Okla. 70, 118 Pac. 570; *Hawkins v. White,* 31 Okla. 118, 120 Pac. 561; *Rudd v. Wilson,* 32 Okla. 85, 121 Pac. 252, Ann. Cas. 1914A, 485; *Reynolds-Davis & Co. v. Hotchkiss,* 31 Okla. 606, 122 Pac. 165; *First Nat. Bank v. Blair,* 31 Okla. 562, 122 Pac. 527; *Van Arsdale-Osborne Brokerage Co. v. Patterson,* 30 Okla. 113, 120 Pac. 933.

But as the invocation of this rule might leave the county court still uncertain about the matter, we think best to dispose of it. Article 4, vol. 2, Rev. Laws 1910, relates to the venue of actions, and, after a number of sections dealing with various classes of actions, section 4679 is as follows:

"Every other action must be brought in the county in which the defendant, or some one of the defendants, reside or may be summoned."

The above section is the same as section 5589, Comp. Laws 1909, which is found in Sess. Laws 1907-08, p. 592, and the language is identical with that found in section 4255, Wilson's Rev.

& Ann. St. 1903; the same being brought into said last-named statute from an act of the territorial Legislature in 1893. This provision was a part of the Code of Civil Procedure brought over from the state of Kansas. This provision was not repugnant to the Organic Act, as were some other sections of the Civil Code of Kansas relating to venue, as is disclosed in *Burke v. Malaby,* 14 Okla. 650, 78 Pac. 105. It may be noted here that this statute seems to be limited by section 5064, Rev. Laws 1910 (5856, Comp. Laws 1909), which exempts a witness from liability of suit in a county in which he does not reside, if found there, "while going, returning or attending, in obedience to a subpoena." The operation of the first-mentioned statute may be further limited by the Constitution and laws of the state as to its operation as regards certain persons, and the general law of the land would perhaps prevent a person from being sued in a county, other than that of his residence, if brought into that county or induced to go there through artifice, trick, or by fraud; but, considering the admitted facts, none of the limitations which we can think of at present would apply to this case; and we think to decide it in favor of the jurisdiction of the lower court, and against the action taken therein, it is only necessary to go to the language employed in the statutes and give the words their plain and obvious meaning. This view is sustained by numerous Kansas decisions interpreting this provision. A case in point is that of *McAnarney v. Caughenaur,* 34 Kan. 621, 9 Pac. 476, wherein it is said by Mr. Justice Valentine, speaking for that court:

"The courts also hold that whenever a person has been induced by fraud, or by any improper influence, to go into a county, other than the county of his residence, for the purpose that service of summons may be there had upon him, such person may have such service set aside as an abuse of judicial process. It will be perceived that, under the provisions of section 55 of the Civil Code (section 5589, Snyder's Compiled Laws), the plaintiff in an action like this may commence his action wherever the defendant 'may be summoned,' without reference to where he resides; and none of the exceptions or limitations furnished by

any of the statutes, or by the Constitution, or by judicial decisions, seem to be applicable to this case."

Among other Kansas cases, we find those of *Underwood v. Forsha,* 73 Kan. 408, 85 Pac. 564, 9 Ann. Cas. 833; *Van Horn v. G. W. Mfg. Co.,* 37 Kan. 523, 15 Pac. 562; *Bolz v. Crone,* 64 Kan. 570, 67 Pac. 1108; *Barton v. Hanauer,* 4 Kan. App. 531, 44 Pac. 1007.

It follows, in our judgment, that the trial court erred in holding that it was without jurisdiction of the person of defendant, and for that reason the cause should be reversed, with directions to proceed in conformity with the views herein expressed.

By the Court: It is so ordered.