**VILLE De PARIS, B. H. DYAS, CORP. v. CONNOR.**

No. 16609—Opinion Filed May 11, 1926.

**Venue — Action on Note in County Where Maker Resides or is Found.**

The district court has jurisdiction of an action by the payee of a promissory note against the maker thereof in the county in which the defendant resides or may be summoned.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Ville De Paris, B. H. Dyas, Corporation, against Betty Connor, nee Kanard. From judgment for defendant, plaintiff has appealed. Reversed and remanded.

Whitaker & Whitaker, for plaintiff in error.

Turner & Turner and H. B. Parris, for defendant in error.

Opinion by DICKSON, C. The plaintiff in error was plaintiff and the defendant in error defendant in the court below, and will hereafter be referred to as plaintiff and defendant.

On the 7th day of January, 1925, the plaintiff commenced this action in the district court of Muskogee county against the defendant upon a promissory note. The petition was in the usual form, and alleged that the plaintiff was a corporation organized under the laws of the state of California, with its principal place of business at Los Angeles, Cal.; and that the defendant was a resident of McIntosh county, Okla. The note sued on was attached to and made a part of the petition. The note, it appears, was executed at Los Angeles, Cal., on December 24, 1919, and was payable to the plaintiff at its office on or before January 24, 1920. Summons was duly issued and served on the defendant in Muskogee county.

On February 6, 1925, the defendant appeared specially, and moved the court to dismiss the cause, for the reason and upon the ground that the petition discloses upon its face that the court had no jurisdiction of the parties or the subject-matter of the action. On the same day the defendant specially appeared and filed a motion to quash the summons and service thereof, upon the ground that said summons was not served and returned in the manner required by law. On the 27th day of February, 1925, these motions were taken up and considered by the court and sustained, and the summons quashed and the cause dismissed. The plaintiff excepted to this ruling, and has appealed to this court upon petition in error with case-made attached.

It will be observed that this suit is by the original payee of the promissory note in suit against the maker thereof.

The theory upon which the trial court sustained the motions appears to have been that, inasmuch as it was alleged in the petition that the defendant is a resident of McIntosh county, the district court of Muskogee county had not jurisdiction over her notwithstanding she was regularly served with summons in Muskogee county. Article 4 of chapter 3, sections 199 to 207, inclusive, C. O. S. 1921, fixes the venue of civil actions in the state. After providing the venue of various actions it is enacted that:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned." Section 207, C. O. S. 1921.

An action by the original payee against the maker of a promissory note is not within any of the exceptions mentioned in said chapter, and may be brought in any county in which the defendant is summoned. There is no contention that at the time the defendant was served with summons, she was going to, returning, or attending court, in obedience to a subpoena, or as a party, and neither is there any contention that she was in Muskogee county through any fraud, artifice, trickery, or procurement on the part of the plaintiff.

The court clearly erred in sustaining the motion dismissing the cause. Clark v. Willis, 44 Okla. 303, 144 Pac. 587.

The case is reversed and remanded to the district court of Muskogee county, with directions to overrule the motion to quash the summons and the motion to dismiss the cause, and to reinstate said cause, and to further proceed in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 40 Cyc. p. 102.