Parm S. DeGraff *et al.*

*v.*

Sarah Went *et al.*

*Filed at Ottawa January 19, 1897.*

1. Aliens—*cannot take or hold real property in this State.* In the absence of a treaty stipulation an ·alien cannot inherit or take by devise real property in this State, nor does he possess inheritable blood to transmit the same to a citizen.

2. Same—*amendatory Alien act of 1891 construed.* The proviso added to section 3 of the Alien act, (Laws of 1887, p. 6,) by the amendatory act of 1891, (Laws of 1891, p. 3,) applies only to alien males who have declared an intention to become citizens and to alien females actually resident in the State, as mentioned in the preceding part of that section, and the same does not authorize non-resident alien females to convey title to real estate in Illinois..

3. Statutes—*a proviso in a statute is strictly construed.* A proviso added to a section of a statute by a subsequent amendatory act should be construed strictly, and will be taken to affect only the section to which it is annexed, unless good reason to the contrary appears, particularly where the title of the amending act only mentions that section.

Appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding.

Flower, Smith & Musgrave, and Cratty Bros., Gray, MacLaren, Jarvis & Cleveland, for appellants:

There are but two ways of acquiring title to real estate at common law: one by descent, the other by purchase. Purchase includes a devise. 3 Washburn on Real Prop. 565; 2 Kent's Com. (13th ed.) 51, 53, 54; 1 Cooley's Blackstone, book 2, p. 240; Sheppard's Touchstone, 142.

A devise by will is a testamentary conveyance. Blackstone, book 2, p. 372.

At common law an alien was incapable of acquiring title by descent, but took by purchase, including devise, a title good against all but the State. He could convey this defeasible title. 3 Washburn on Real Prop. 565; 2 Kent's Com. (13th ed.) 53, 54.

The act of 1887 having repealed, in express terms, the act of 1851 in regard to aliens, the common law was thereby revived and in force, except so far as modified by the provisions of the act of 1887 as amended in 1891. *Wunderle* v. *Wunderle*, 144 Ill. 40.

The word "deed" is variously defined, and may include many things aside from an ordinary warranty or quit-claim deed. Anderson's Law Dic. 254, 354; *Livermore* v. *Bagley*, 3 Mass. 510; *Brown* v. *Fitz*, 13 N. H. 285; *People* v. *Caton*, 25 Mich. 388; *Cline* v. *McNamara*, 54 Miss. 105; *Rex* v. *Fauntleroy*, 1 C. & P. 421; 2 Blackstone's Com. 309; *Rex* v. *Lyon*, R. & R. 255; *Insurance Co.* v. *Avery*, 60 Ind. 566.

The amendment of 1891, providing that whenever any deed shall be made to any alien such alien shall have power to convey good title to a citizen, includes a case where a will is made to such alien. *Stamm* v. *Bostwick*, 25 N. E. Rep. 233.

In construing the act of 1887, as amended in 1891, the whole act, including the title, should be considered together and the real meaning of the legislature thereby ascertained. Particular expressions should be enlarged or restricted so as to conform to the manifest intention of the whole act. 1 Kent's Com. (13th ed.) 462; *People ex rel.* v. *Chicago*, 152 Ill. 546; *Anderson* v. *Railroad Co.* 117 id. 26; *Gormley* v. *Uthe*, 116 id. 643; *People* v. *Gaulter*, 149 id. 39; *Cohn* v. *People*, id. 486, and cases cited.

The Alien act was dictated by public policy, and it should not be extended to cases not embraced within such policy. *Rector of Holy Trinity* v. *United States*, 143 U. S. 457.

Unless the language imperatively requires it, a statute should not be construed to embrace a case against natural justice. Potter's Dwarris on Stat. 139.

An amended statute is to be understood in the same sense as if it had read from the beginning as it reads as amended. 23 Am. & Eng. Ency. of Law, 285; *Holbrook* v. *Nichol*, 36 Ill. 161.

The amendment of 1891 is not a proviso to section 3, but an amendment to the whole act. Bishop on Written Laws, sec. 57; Potter's Dwarris on Stat. 118, note 11; *Huddleston* v. *Francis*, 124 Ill. 195.

In construing a statute the division thereof into sections is not of much importance. The true principle is, that the sound interpretation and meaning of the statute, on a view of the enacting clause, saving clause and proviso, taken and construed together, is to prevail. 1 Kent's Com. (13th ed.) 463, note *b* ; Bishop on Written Laws, secs. 66, 67; Endlich on Int. of Stat. secs. 186, 318; Potter's Dwarris, 119, note 11; *Waters* v. *Campbell*, 4 Sawy. 121.

J. Warren Pease, for appellee Sarah Went:

It is not the duty of the court to make the law reasonable or just, but to expound it as it stands, according to the real meaning of the words used. Potter's Dwarris on Stat. 146; *Maxwell* v. *State*, 89 Ala. 150.

In its legal sense a deed is an instrument in writing, upon paper or parchment, between parties able to contract, and duly sealed and delivered. 4 Kent, 460; 60 Ind. 572; Black's Law Dic. 343.

A deed is a writing containing a contract, sealed, and delivered to the party thereto. Bouvier's Law Dic. 493; 3 Washburn on Real Prop. 239; *Hutchins* v. *Byrnes*, 9 Gray, 367; *VanSamtwood* v. *Sanford*, 12 Johns. 198; *Hammond* v. *Alexander*, 1 Bibb, 333; Coke on Lit. 171; Williams on Real Prop. 123; Sheppard's Touchstone, 50; *Taylor* v. *Morton*, 5 Dana, 365; Tiedeman on Real Prop. sec. 786; 5 Am. & Eng. Ency. of Law, 423.

Delivery is essential to the validity of a deed. *Cline* v. *Jones*, 111 Ill. 563; *Robinson* v. *Robinson*, 116 id. 250; *Weber* v. *Christen*, 121 id. 96; *Blackman* v. *Preston Bros.* 123 id. 385.

Sealing is essential to validity of a deed. 3 Washburn on Real Prop. (5th ed.) 286; *Barger* v. *Hobbs*, 67 Ill. 597.

If the language of a statute is clear and admits of but one meaning there is no room for construction. It is not

allowable to interpret that which has no need of interpretation. *Frye* v. *Railroad Co.* 73 Ill. 399; *Deere* v. *Catlin,* 25 id. 610; *Beardstown* v. *Virginia,* 76 id. 34.

The construction asked for by appellants would be a violation of the rules of statutory construction heretofore laid down by this court. *Blackmore* v. *Preston Bros.* 123 Ill. 385; *Cline* v. *Jones,* 111 id. 563; *Wunderle* v. *Wunderle,* 144 id. 40; *Foley* v. *People,* Breese, 58; *Railroad Co.* v. *Dumser,* 109 Ill. 410.

The office of a proviso generally is either to except something from the enacting clause or to qualify or restrain its generality. *Chicago* v. *Insurance Co.* 126 Ill. 280; *Sutton* v. *People,* 145 id. 284.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

William Went, a naturalized citizen of the United States, died testate August 10, 1892, seized of certain real estate and personal property within this State, which, by his will dated March 16, 1892, was devised to his wife, Sarah, in trust for his surviving sisters and their lawful descendants. The will was duly probated in Cook county, and his wife renounced under the will and elected to take under the law. The surviving sisters of William Went were Susannah Went, Jane Holland, Elizabeth Yarnold and Frances Barnes, who were and are subjects of Great Britain, residing in the United Kingdom. A bill for partition was filed by appellants, from which it appeared that Susannah Went, by her deed of date December 12, 1894, conveyed her interest in said real estate to the appellant DeGraff, and said Jane Holland and Frances Barnes, by their separate deeds of date, respectively, November 5, 1894, and October 29, 1894, conveyed their several interests to the appellant Manning. Appellants are now, and have always been, citizens of the United States. On hearing the bill was dismissed for want of equity, and complainants appeal.

The contention of appellants is, that by virtue of the amendment of 1891 to the Alien law said surviving sisters acquired power, under the will of William Went, to convey a good title to their respective interests to citizens of the United States, provided such conveyances were made before proceedings were instituted by the State to escheat the property, and said surviving sisters having so conveyed their respective interests to appellants, citizens of the United States, appellants thereby acquired a good title thereto.   This contention involves the construction of the act of 1887, and the amendatory act of 1891, in reference to aliens.

By the legislation prior to 1887 aliens could hold or convey, inherit or transmit, by descent or devise, the title to real estate equally with citizens, but by the act of 1887 that right was restricted.   The first section of that act (Laws of 1887, p. 5,) provides: "That a non-resident alien * * * shall not be capable of acquiring title to or taking or holding any lands or real estate in this State, by descent, devise, purchase or otherwise, except,"—then follow certain exceptions as to heirs or aliens who held title prior to the passage of the act, and certain other exceptions having no bearing upon the case.   Section 2 relates to personal property of aliens entirely.   Section 3 provides: "Any alien resident of the United States who shall declare his intention of becoming a citizen of the United States in accordance with the naturalization laws thereof, * * * shall thereupon be authorized and enabled to take and hold lands and real estate of any kind whatsoever to him or her and his or her heirs and assigns forever, and may, during six years thereafter, sell, assign, mortgage, devise and dispose of the same in any manner as he or she might or could do if he or she were a natural born citizen of the United States: *Provided*, that in case of an alien male he shall, at the time of acquiring such lands, cause to be recorded in the office of the recorder of deeds of the county in which such lands are situated,

a certified copy of his said declaration of intention to become such citizen." The amendment of 1891 was added to section 3, and is as follows: *"Provided,* that in all cases where any deed to any land in this State has been or shall be made to any alien, such alien shall have power to convey to a citizen of the United States a good title thereto or encumber the same in favor of a citizen, and a judgment or decree against such alien shall be a valid lien on such land, if such deed, encumbrance, judgment or decree shall be made, executed or entered before any legal proceedings are taken to seize said land in behalf of the State of Illinois, and any deed or encumbrance heretofore made by any such alien &ast; &ast; &ast; shall have the same force and effect against any land so conveyed or to be conveyed to any alien as if such deed or encumbrance, judgment or decree, had been made by or entered against a citizen of the United States." (Laws of 1891, p. 3.) Section 4 provides: "If any alien who has declared his intention of becoming a citizen shall not become a naturalized citizen of the United States within six years after the declaration of his intention, and be living, shall not have sold said real estate to purchasers thereof for value and in good faith, such real estate acquired by him under the authority of this act shall revert to, escheat and become the property of the State of Illinois." The other sections of the act relate to the manner of enforcing escheats.

The Alien law of 1887 has been before this court in *Wunderle* v. *Wunderle,* 144 Ill. 40, *Schultze* v. *Schultze,* id. 290, *Schaefer* v. *Wunderle,* 154 id. 577, *Beavan* v. *Went,* 155 id. 592, and *Ryan* v. *Egan,* 156 id. 224. In *Wunderle* v. *Wunderle* the act was held constitutional, and it was further held the act provided that non-resident aliens should not be capable of acquiring title to or holding real estate, and that this language of the act could not be construed as permitting non-resident aliens to hold a defeasible title, subject to be divested only by forfeiture in favor of the State.

It was also declared in that opinion that under article 6 of the Federal constitution provisions in regard to the tranfer, devise or inheritance of property were proper subjects for regulation by the treaty-making power of the United States, and whilst at common law the title to real property must be vested and pass according to the *lex rei sitœ*, yet a treaty between the United States and a foreign power would control or suspend the statute of a State which was in conflict therewith.   *Schaefer* v. *Wunderle* was an application for leave to file a bill of review in *Wunderle* v. *Wunderle.*  In *Schultze* v. *Schultze* it was held that where a citizen of the United States died intestate, leaving heirs resident and citizens of Bremen, who would be his heirs but for their alienage, by reason of section 7 of the treaty between the United States and Bremen, concluded in 1827, such heirs could inherit, and would take a fee determinable by the non-exercise of the power of sale within three years, as was provided for by that treaty, and might maintain a proceeding for partition.  In *Ryan* v. *Egan* it was held that non-resident alien devisees could not take lands in Illinois under the will of naturalized citizens.  In *Beavan* v. *Went* the will in the case at bar was before this court on a bill for partition filed by Beavan, claiming that he and Sarah Went, the widow, were tenants in common of this real estate, as the two sisters and their descendants referred to were nonresident aliens and incapable of taking real estate under the act of 1887; that his grandmother was a sister of the deceased, Went, and that she and his own father and mother were non-resident aliens, he himself being a naturalized citizen.   This court held, that as Beavan must trace his heirship to the deceased through non-resident aliens, who, if living, could not have inherited, he, Beavan, could not succeed to the estate as next of kin; that an alien is not regarded as having sufficient inheritable blood to transmit the inheritance to collateral heirs who are citizens.

These are the only cases in which the act of 1887 has been before this court, and in none of them was the amendment of 1891 under consideration. From these cases we have declared the rule to be, that an alien can not inherit, take by devise, nor is possessed of inheritable blood to transmit to a citizen, except where, by treaty, the statute is suspended as to citizens of the country with which the treaty is made.

The rule of construction as to a proviso requires a strict interpretation. "A proviso in a statute is to be strictly construed. It takes no case out of the enacting clause which is not fairly within the terms of the proviso. * * * The office of a proviso, generally, is either to except something from the enacting clause, to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of its extending to cases not intended to be brought within its purview." (Potter's Dwarris on Stat. 118.) "A proviso is something engrafted upon a preceding enactment, generally introduced by the word 'provided.' It is commonly, in the absence of any contrary indication, construed to affect merely the one paragraph to which it is attached." (Bishop on Written Laws, sec. 57.) In *Rawls* v. *Doe*, 23 Ala. 240, the court says: "In this aspect of the case the first question is, whether the proviso which is found in the first section of the act of 1843 applies to the whole act or is to be confined to the section to which it is attached. As the natural and appropriate office of a proviso is to restrain or qualify some preceding matter, we think, upon sound principles of construction, it should be confined to what precedes, unless it is clear that it was intended to apply to subsequent matter. In the present case we can perceive no good reason why the limitation of the proviso should be extended to the second section. On the contrary, the effect of such an application would be to give to that section a partially retroactive operation, which, although it is allowed, is not a construction favored by courts,"—

thus showing that in the opinion of the court in that case a proviso may apply to a section to which it is not annexed if a good reason appears why it should. "In *Savings Institution* v. *Makin*, 23 Me. 360, it was held in the case, which led to a great and able discussion, that a saving clause in a statute in the form of a proviso, restricting in certain cases the operation of the general language of the enacting clause, was not void, though the proviso be repugnant to the general language of the enacting clause. The true principle undoubtedly is, that the sound interpretation and meaning of the statute, on a view of the enacting clause, saving clause and proviso, taken and construed together, is to prevail. If the principal object of the act can be accomplished and stand under the restriction of the saving clause or proviso, the same is not to be held void for repugnancy." (1 Kent's Com.—13th ed.—463, note *b*.) A proviso is to be construed as affecting the paragraph to which it is annexed. (*Spring* v. *Collector of Olney*, 78 Ill. 101.) The principle of construction requires the sound interpretation and meaning of the statute, taking into consideration the enacting clause, the saving clause and proviso, together with the title of the act, as under the constitution the title of the act must express the subject matter. *People ex rel.* v. *Gaulter*, 149 Ill. 39.

The act of 1891, by its title and by the first section thereof, only purports to amend section 3 of the act of 1887, and the only amendment to that section is by the addition of the second proviso. The first section of the act of 1887 was intended to and did prohibit aliens from acquiring title to or taking and holding lands by purchase, devise, descent or otherwise, except that the heirs of aliens who had theretofore acquired title to lands could take and hold title and sell the same within a period of three years. Section 3 had reference to another class of aliens who, by its provisions, could acquire title to lands, and within six years after acquiring such title

could sell, assign, mortgage, devise and dispose of the same to the same extent that a natural born citizen could do. The class of aliens to which that section referred were alien males who had declared an intention to become citizens of the United States under its naturalization laws, and also females who in good faith become actual residents, etc. Notwithstanding a declaration of intention to become a citizen, the alien male still remains an alien, and is only a citizen when he has fully complied with the naturalization laws. In the case of an alien female, her intention to become a resident, and an actual residence, were by that section sufficient to make her a citizen. The proviso added to section 3 by the act of 1891 provides that where any deed to any land in this State has been or shall be made to any alien, such alien shall have power to convey, etc. After the act of 1887 no deed could be made to any alien except as designated by section 3. To such, a deed could be made. The proviso made by the act of 1891 could therefore only apply to alien males who had declared their intention of becoming citizens, or alien females who were actually and in good faith residents of the United States. This construction is in accordance with the title of the act and its letter and spirit. By any other construction the proviso to section 3 of the act of 1887 added by the amendment of 1891 would render null and void section 1 of the act, which provides that non-resident aliens shall not be capable of acquiring title to or holding any lands or real estate. The sisters of the testator were non-resident aliens and could not inherit or take by devise, and could therefore convey nothing by their deeds. The appellants claiming under such deeds have no title, and the bill was properly dismissed.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*