# Commonwealth ex rel., Appellant, *v.* Charity Hospital of the City of Pittsburg.

*Municipalities—Hospitals—Act of April* 20, 1899, *P. L.* 66.

The Act of April 20, 1899, P. L. 66, which declares it to be " unlawful hereafter to establish or maintain any additional hospital, pest house or burial ground in the built up portions of cities," does not prevent an established hospital from tearing down its existing building and constructing a new building upon the same site, or from erecting a larger building, so long as it does so on the location in which its hospital was maintained prior to the passage of the act.

Submitted April 1, 1901.    Appeal, No. 59, Oct. T., 1901, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1901, No. 545, dismissing bill in equity in case of Commonwealth ex rel. John P. Elkin, Attorney General, v. Charity Hospital of the City of Pittsburg.    Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ.    Affirmed.

Bill in equity for an injunction.

Shafer, J., filed the following opinion:

This is a bill filed by John P. Elkin, attorney general, for an injunction restraining the Charity Hospital of the city of Pittsburg from erecting a new building for its hospital, and the case has been set down for hearing on bill and answer.

### FINDINGS OF FACT.

1. The defendant is a corporation of the state of Pennsylvania, duly incorporated for the purpose of erecting and maintaining a general hospital, and has, since the year 1898, conducted a hospital on Collins avenue, in the twenty-first ward of the city of Pittsburg.    The building used by the defendant for this purpose has been held by it only upon a lease.

2. The defendant has purchased, or arranged to acquire, the ground and building now occupied by it as a hospital, and also additional ground immediately adjoining the same, so as to make in all a tract 370 feet by 140 feet, on Collins avenue, in the twenty-first ward of the city of Pittsburg, and upon this site defendant proposes to erect a hospital building which, when completed, will cost about $150,000.    This building will be constructed of brick and stone, finished in the most modern manner, and as nearly fireproof as it is practicable to make such a building.

3. The district in which it is proposed to erect and maintain said hospital is a built up portion of the city of Pittsburg, and the proposed location of said hospital is within the limits of the city of Pittsburg, a city of the second class, and the location thereof has not been approved by the mayor of said city, the director of public charity, or the director of public works of said city, or by any of said officers.

4. Prior to 1897, certain physicians established a hospital in

the east end of the city of Pittsburg, and in February, 1897, at the request of said physicians, the Sisters of Charity took charge of said hospital, and the location thereof was changed to its present location on Collins avenue.  On January 5, 1898, the present defendant was incorporated, and took charge of said hospital, and has ever since continued to conduct the same. This hospital has been conducted as a general hospital, but no persons suffering from contagious diseases are received or treated therein, and it has been conducted in the most careful manner.

5. The need for such a hospital in this district of the city of Pittsburg has been such that the defendant has been utterly unable to accommodate the persons needing and requiring care and treatment in a hospital, and has been compelled to refuse admission to a large number of persons.

6. The establishment and maintenance of such a hospital as defendant proposes to establish and maintain is greatly needed; the existing hospitals in the city of Pittsburg are overcrowded, and unable to accommodate the persons needing and demanding care and treatment therein ; the said hospital will be entirely nonsectarian, and conducted as a public charity, excepting that such persons as can pay for their care and treatment will be expected to do so, and the funds so received applied to the maintenance of the hospital and the care of charity patients. The said hospital, as proposed to be built and conducted, will not be a nuisance in any sense of the word, and will not in any way injure or endanger the health of the people living in the vicinity thereof.  Such hospitals, as conducted and operated, not only in the city of Pittsburg, but throughout this commonwealth, in no way endanger the health of the public, or of the persons in the vicinity thereof; but, on the contrary, they assist materially in preserving and protecting the public health.

We have found all of the foregoing averments as facts, the case having been set down for hearing on bill and answer, and this without regard to their materiality or relevancy to the question of law presented by the case.

The act of 1897, referred to in the bill, was declared unconstitutional by this court in the case of Commonwealth v. Heckert, 45 Pittsburg Legal Journal, 296, and we are not disposed to reverse our decision in that case.  The validity of the

Act of April 20, 1899, P. L. 66, has been sustained by the Supreme Court, in the case of Commonwealth v. Charity Hospital of the city of Pittsburg (not yet reported). This leaves, then, only the question of the construction of the act of 1899. The act is as follows :

" Be is enacted, etc., that for the purpose of protecting the public health, it shall be unlawful hereafter to establish or maintain any additional hospital, pest house, or burial ground in the built up portions of cities ; provided, however, that nothing herein contained shall be so construed as to prevent the maintenance of any hospital, pest house, or burial ground now lawfully established and maintained in such portions of cities."

Does this prohibit the rebuilding and enlargement of a hospital lawfully established and maintained prior to the passage of the act? We do not think so. It will be observed that the primary purpose of the act was to prevent the establishment of additional hospitals in the built up portions of cities. The words " established " and " additional " being coupled together, of themselves show clearly that existing hospitals are to be left unaffected by the act.

The office of a proviso is, of course, to limit or restrict the general language preceding it, and not at all to enlarge the enacting clause of the statute. This proviso is specific that nothing contained in the act " shall be so construed as to prevent the maintenance of any hospital . . . . now lawfully established and maintained in such portions of cities." This would seem to be a recognition by the legislature of the propriety, and perhaps of the necessity, for the maintenance of existing hospitals. At any rate, it specifically preserves their rights ; in other words, all existing hospitals are to continue unaffected by the act, and are to be permitted to carry on their work as though this act had not been passed. In order to do this, and to accommodate the constantly increasing population, becoming, of course, more and more dense in the built up portions of cities, it is necessary for existing hospitals to enlarge their buildings ; or buildings may become antiquated or destroyed, and their rebuilding be made necessary. There is certainly nothing in this act to suggest that the legislature intended to prevent hospitals from so doing, and the reasons for permitting them to rebuild and to enlarge are so strong

that it would require a clearly expressed intent upon the part of the legislature to justify the court in preventing a lawfully existing hospital from rebuilding or enlarging its existing building.

We are therefore of opinion that the defendant has a right, not only to tear down its existing building and construct a new building upon the same site, but that it may also erect a larger building, so long as it does so in the location in which its hospital was maintained prior to the passage of the act. Let a decree be prepared dismissing plaintiff's bill.

*Error assigned* was the decree dismissing bill.

*Richard B. Scandrett*, for appellant.

*Knox & Reed* and *J. H. Beal*, for appellee.

PER CURIAM, April 4, 1901:

The act of 1897 is not before us and we express no opinion upon it. On the construction of the act of 1899 the majority of the court affirm the decree on the opinion of the learned judge below, and the bill is dismissed with costs.