BREWER *et al.* v. RUST.

No. 736, Ind. T.   Opinion Filed April 14, 1908.

(95 Pac. 233.)

INTEREST—Rate of Interest—Statutes—Construction.   The 8 per cent. rate of interest prescribed by the proviso to section 8 of Act Cong. 1901 (31 Stat. 795), entitled "An act to put in force in the Indian Territory certain provisions of laws of Arkansas relating to corporations, and to make said provisions applicable to said territory," is restricted to banks or trust companies organized under the laws of Arkansas or any other state, authorized by section 8 to transact business in the Indian Territory; and said proviso did not provide a general interest law for the Indian Territory, or repeal or modify chapter 109, Mansf. Dig. (chapter 50, Ind. T. Ann. St. 1899).

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory, at Muskogee; before William R. Lawrence, Judge.*

Action on promissory note and mortgage by J. Rust against Louisa L. Brewer and others. Judgment for plaintiff, and defendants appeal. Affirmed.

*Raymond, Maxey & Runyan,* for appellants.

KANE, J. This was a suit brought by the appellee, plaintiff below, against appellants, defendants below, upon a promissory note, and to foreclose a mortgage given to secure payment of the note. There was no defense to the note or mortgage except the fact, which was admitted, that the rate of interest to be paid by the terms of the note was in excess of 8 per cent. per annum, to wit, 10 per cent. per annum. As stated by counsel for appellants in their brief, the sole question in this case is whether, on the 12th day of February, 1904 (the day the note was executed), it was lawful for plaintiff to contract for a greater rate of interest than 8 per cent. per annum for money loaned, and if contracting for a greater rate, to wit, the rate of 10 per cent. per annum, had the effect to make void the contract as to both principal and interest.

After issues joined the cause was referred to Charles A. Cook, Esq., as special master in chancery, to take testimony and report his findings of fact and conclusions of law. In due time the master reported, and recommended that a decree be entered in favor of the plaintiff. Exceptions were filed by the defendants to the findings of the master, which the court overruled, but did not sustain the master *in toto,* but held that the plaintiff should only forfeit all interest above the legal rate of 6 per cent. per annum, and rendered judgment and decree accordingly. The defendants took the case here by writ of error.

There is no brief in behalf of the appellee, but the master supported his report fully and ably by decisions which were of

great assistance to this court, and led us to the same conclusion reached therein.

It is contended by counsel for the appellants that section 8 of an act of Congress passed on the 18th day of February, 1901 (31 Stat. 795), changed the maximum rate of interest that could be contracted for under chapter 109, Mansf. Dig. (Ind. T. Ann. St. 1899, c. 50), which was in force in the Indian Territory prior to the time the first-mentioned act was passed, from 10 per cent. to 8 per cent. per annum, and left in force the forfeiture clauses for usury, as provided in chapter 109, modified to read: All contracts for a greater rate of interest than 8 per cent. per annum shall be void as to principal and interest.

Chapter 109, Mansf. Dig., was extended over the Indian Territory by the act of Congress of May 2, 1890 (26 Stat. 94, § 31). The sections of said chapter relating to interest are in the following language:

"Sec. 4732 (§ 3043). All contracts for a greater rate of interest than 10 per cent. per annum shall be void as to principal and interest and the general assembly shall prohibit the same by law; but when no rate of interest is agreed upon, the rate shall be six per cent. per annum.

"Sec. 4733 (§ 3044). The parties to any contract, whether the same be under seal or not, may agree in writing for the payment of interest not exceeding ten per cent. per annum on money due or to become due.

"Sec. 4734 (§ 3045). No person or corporation shall directly or indirectly take or receive in money, goods, things in action or any other valuable thing, any greater sum or value for the loan or forbearance of money or goods, things in action, or any other valuable thing, than is in section 4733 prescribed.

"Sec. 4735 (§ 3046). All bonds, bills, notes, assurances, conveyances, and all other contracts or securities whatever, whereupon or whereby there shall be reserved, taken or secured, or agreed to be taken or reserved, any greater sum or greater value for the loan or forbearance of any money, goods, things in action, or any other valuable thing, than is prescribed in this act, shall be void.

"Sec. 4736 (§ 3047). It shall be lawful for all parties loaning money in this state to reserve, or discount, interest upon any commercial paper, mortgages or other securities, at any rate of interest agreed upon by the parties, said rate of interest not to exceed ten per cent. per annum, whether such paper or securities for principal or interest be payable in this state, or in any other state, kingdom or country."

The other act of Congress wherein the subject of interest is mentioned is section 8 above referred to. The act of which section 8, *supra,* is a part, was passed on the 18th day of February, 1901, and is entitled "An act to put in force in the Indian Territory certain provisions of laws of Arkansas relating to corporations, and to make said provisions applicable to said territory." The sections preceding and following section 8 relate specifically to corporations, and section 8 up to the proviso, to be construed here, relates to banks and trust companies organized under the laws of Arkansas or any other state.

Section 8 provides:

"That any bank or trust company now or hereafter organized under the laws of Arkansas or any other state may transact such business in the Indian Territory as is authorized by its charter, and that is not inconsistent with the laws in force in the Indian Territory, and may loan money and contract for the payment of the same at a rate of interest not to exceed the sum of eight per centum per annum and a like rate for a period less than a year: Provided, that the lawful interest in said territory shall be six per centum when no rate of interest is agreed upon, but in no case shall the interest exceed eight per centum per annum."

This brings us squarely to the question in this case: Is the law regulating interest as prescribed by chapter 109 of Mansfield's Digest repealed or modified by section 8 of the act of 1901, so that after its passage the maximum rate of interest that could be legally contracted for in the Indian Terrtiory was 8 per cent. per annum, and that contracts for a greater rate of interest than 8 per cent. per annum would thereafter be void as to principal

and interest? In order to determine whether there is such repugnancy between these two acts that one repeals or modifies the other, it will be necessary to have a clear understanding of the meaning of both, and the purposes for which they were passed. There is no repealing clause in connection with the later act, and, if the older act or any part thereof was repealed by the later, it must be by implication.

"There being no express repeal of the older by the later statute, the law does not favor it by mere implication; but the repeal must. be necessary, and, if it arises out of repugnancy between the two, the later abrogates the older only to the extent that it is inconsistent and irreconcilable." (*Simonton v. Lanier*, 71 N. C. 498; *Wood v. United States*, 16 Pet. (U. S.) 342, 10 L. Ed. 987.)

It will be observed that the older statute relates to "money and interest," and the later to "corporations and regulation of same." It will be advisable to keep this fact in view in applying the rules of statutory construction to them.

"It is, however, necessary to the implication of a repeal that the objects of the two statutes are the same, in the absence of any repealing clause. If they are not, both statutes will stand, though they may refer to the same subject." (*United States v. Claflin*, 97 U. S. 553, 24 L. Ed. 1082, 1085.)

Lewis' Sutherland Stat. Const. § 347, says:

"It is indispensable to a correct understanding of a statute to inquire, first, what is the subject of it? What object is intended to be accomplished by it? When the subject-matter is once clearly ascertained and its general intent, a key is found to all its intricacies."

The first part of section 8 is clear and unambiguous, and has relation to banks or trust companies organized or to be organized under the laws of Arkansas or any other state. Such institutions prior to the act of 1901, of which section 8 is a part, were not permitted to do business in the Indian Territory. Section 8 provides that they may transact such business in the Indian Territory as is authorized by their charters, and that is not

inconsistent with the laws in force in the Indian Territory, and may loan money and contract for the payment of the same at a rate of interest not to exceed the sum of 8 per cent. per annum, and a like rate for a period less than a year. Then follows the proviso that counsel for appellants claim enacts a new law on the general subject of interest, and modifies the forfeiture clauses of chapter 109, Mansfield's Digest. The words of the proviso are:

"Provided that the lawful interest for said territory shall be six per cent. when no rate of interest is agreed upon, but in no case shall the interest exceed eight per cent, per annum.

This proviso must be construed in connection with the enacting clause, as well as the part of the act which immediately precedes it.

"A proviso or exception in a statute relates to the paragraph or distinct portion of the enactment which immediately precedes it, unless the contrary intention is clearly apparent from the statute." (*Leader P. Co. v. Nicholas*, 6 Okla. 302, 50 Pac. 1001.)

"A proviso is something ingrafted upon a preceding enactment generally introduced by the word 'provided.'" (*De Graff v. Went*, 164 Ill. 485, 45 N. E. 1075.)

"The word 'provided' means 'on condition.'" (*De Witt v. Kaufman Co.*, 27 Tex. Civ. App. 332, 66 S. W. 224.)

"'Provided' is the appropriate word for creating a condition precedent." (*Robertson v. Caw*, 3 Barb. (N. Y.) 410.)

"The office of a proviso is to repeal or restrict the general language preceding it, not to enlarge the enacting clause." (*Com. v. Charity Hosp.*, 199 Pa. 119, 48 Atl. 906; *Patterson v. Winn*, 24 U. S. 380, 6 L. Ed. 500; *Van Reipen v. Jersey City*, 58 N J. Law, 262, 33 Atl. 740; *State v. Browne*, 56 Minn. 269, 57 N. W. 659.)

"A proviso in a statute is to be strictly construed. It takes no case out of the enacting clause which is not fairly within the terms of the proviso." (*In re Matthews* (D. C.) 109 Fed. 603.)

"In short, a proviso covers special exceptions only out of the enacting clause, and those who set up any such exceptions must establish same as being within the words, as well as within the reason thereof." (*McRae v. Holcomb*, 46 Ark. 306.)

Keeping in mind the rules of construction and the func-

tions of a proviso, to contend that section 8 was intended to cover the general subject of interest, and to that extent repeal chapter 109, Mansfield's Digest, would be unwarranted by any of the well-known rules of interpretation of statutes, as well as violative of the rules of grammar. "Provided," as we find it in section 8, is used in its conjunctive sense, and means "on condition" or "with the understanding," and has relation to the terms upon which the banks and trust companies mentioned in the preceding part of the section are authorized to transact business in the Indian Territory.

*Nix v. Gilmer,* 5 Okla. 740, 50 Pac. 131, is a case precisely in point on the question we are now discussing. · It is provided by paragraph 3, § 4510, Wilson's Rev. & Ann. St. 1903 of Oklahoma, that husband or wife shall be incompetent to testify for or against each other. It was claimed by counsel in the *Nix Case, supra,* that this portion of the act was repealed by section 29, c. 41, p. 201, Sess. Laws 1895, and that the husband or wife of a party to a civil action was a competent witness for such party. The part of the act it was claimed repealed the former act reads as follows:

"Provided, however, that neither husband nor wife shall in any case be a witness against the other except in a criminal prosecution for a crime committed one against the other, but they may *in all cases* be witnesses for each other, and shall be subject to cross-examination as other witnesses, and shall in no event on a criminal trial be permitted to disclose communications made by one to the other, except on a trial of an offense committed by one against the other."

Mr. Justice Keaton, speaking for the court, says:

"While the provision just quoted seems to be quite general in its application, yet, as it is contained in the chapter on criminal procedure, and does not purport to repeal or amend said section 335 of the Civil Code, we hold that it does not necessarily do so by implication, but applies solely to criminal actions."

It seems clear, from reason as well as authority, that no other conclusion can be reached than that the 8 per cent. rate of inter-

est prescribed by the proviso to section 8 of the act of Congress, 1901, entitled "An act to put in force in the Indian Territory certain provisions of laws of Arkansas relating to corporations, and to make said provisions applicable to said territory," is restricted to banks or trust companies organized under the laws of Arkansas or any other state authorized by section 8 to transact business in the Indian Territory; and said proviso does not provide a general interest law for the Indian Territory or repeal or modify chapter 109, Mansfield's Digest.

We are not called upon to hold that Congress intended to hide a general law of such far-reaching consequence to the business world in an obscure proviso unless such intention is clearly apparent from the whole act, and in this case it is not; but, on the contrary, all the rules formulated to guide the judgment of courts in the interpretation of statutes lead us to a contrary conclusion.

The power of Congress to thus discriminate against foreign corporations is undoubted, but that question is not in this case. It is our duty now to construe section 8 and chapter 109 according to the well-settled rules of interpretatoin, and, if possible, give them the effect they were intended by Congress to have. The construction above adopted harmonizes section 8 with the balance of the act of which it is a part, and with chapter 109, Mansfield's Digest. It also avoids the forfeiture of the contract which argues in its favor to the conscience of the court:

"Forfeitures are not favored in the law. Courts always incline against them." (*Marshal v. Vicksburg*, 15 Wall. (U. S.) 146, 21 L. Ed. 121.)

"When either of two constructions can be given to a statute, and one of them involves a forfeiture, the other is to be preferred." (*Farmers', etc., Nat. Bk. v. Dearing*, 91 U. S. 35, 23 L. Ed. 196.)

Counsel for appellants state in their brief that their case is based entirely upon the theory that section 8 of the act of Congress changed the maximum rate of interest that can be contracted for from 10 per cent. per annum to 8 per cent. per annum, but left

the penalty for usury the same as provided by section 4732, Mansfield's Digest, with the exception that the maximum rate to work a forfeiture should be 8 per cent. per annum instead of 10 per cent. per annum. They admit that, if their contention is not true, the transaction was valid, and the case should be affirmed.

As we cannot agree with the learned counsel on this proposition of law, and as appellee expresses no dissatisfaction with the judgment rendered, it follows that the judgment of the court below must be affirmed.

Dunn and Turner, JJ., concur; Williams, C. J., and Hayes., J., concur in the conclusion reached, but not in all the reasoning.