TAYLOR v. MERRELL.

No. 880, Ind. T.   Opinion Filed September 10, 1908.

(97 Pac. 571.)

INTEREST—Ind. T. Rate.   The eight per cent, rate of interest prescribed by the proviso to section 8 of the act of Congress entitled "An act to put in force in the Indian Territory certain provisions of laws of Arkansas relating to corporations, and to make said provisions applicable to said territory" (Act Feb. 18, 1901, c. 379, 31 Stat. 795), is restricted to banks or trust companies organized under the laws of Arkansas, or any other state authorized by section 8 to transact business in the Indian Territory; and said proviso did not provide a general interest law for the Indian Territory, or repeal or modify chapter 109, Mansf. Dig. (Ind. T. Ann. St. 1899, c. 50).

(Syllabus by the Court.)

*Appeal from the United States Court for the Central District of of the Indian Territory, at South McAlester.*

Action by W. L. Taylor against W. B. Merrell. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*R. A. Smith,* for appellant.

*J. G. Harley* and *Fielding Lewis,* for appellee.

DUNN, J. This was an action brought by plaintiff in error, as plaintiff below, to recover a judgment on a note given June 11, 1903, by J. L. Moore and W. B. Merrell, the appellee. On the trial of the cause in the United States Court for the Central District of Indian Territory at South McAlester, the court instructed the jury as follows:

"You are instructed, gentlemen of the jury, that under the laws of the United States in force in the Indian Territory the intentional reservation of interest at ten per centum per annum in the note sued on in this case would render such note void as to both principal and interest, and if you find that such amount of interest was intentionally reserved by the plaintiff in this note you will find for the defendant."

To the giving of this instruction the plaintiff excepted, and on judgment being rendered against him appealed his case to the United States Court of Appeals of Indian Territory, and by virtue of our succession to that court the same is now before us for consideration.

The note in controversy provided for interest at the rate of ten per cent. per annum from maturity until paid. The decision of the question raised and discussed in the briefs of counsel involves the construction of section 3043 of the Annotated Statutes of Indian Territory of 1899 which provides: "All contracts for a greater rate of interest than ten per centum per annum shall be void as to principal and interest, and the general assembly shall prohibit the same by law; but when no rate of interest is agreed upon, the rate shall be six per centum per annum"— and section 8 of the act of Congress, passed on the 18th day of February, 1901, entitled "An act to put in force in the Indian Territory certain provisions of laws of Arkansas relating to corporations, and to make said provisions applicable to said territory" (Act Feb. 18, 1901, c. 379, 31 Stat. 795):

"That any bank or trust company now or hereafter organized under the laws of Arkansas or any other state may transact such business in the Indian Territory as is authorized by its charter, and that is not inconsistent with the laws in force in the Indian Territory, and may loan money and contract for the payment of the same at a rate of interest not to exceed the sum of eight per centum per annum and a like rate for a period less than a year: Provided, that the lawful interest in said territory shall be six per centum when no rate of interest is agreed upon, but in no case shall the interest exceed eight per centum per annum."

The construction of these statutes in force in the Indian Territory was fully considered by this court in the case of *Brewer v. Rust,* in an opinion delivered April 14, 1908, by Mr. Justice Kane, reported in 20 Okla. 776, 95 Pac. 233, 6 Okla. Law Journal, 478, wherein the court held:

"The 8 per cent. rate of interest prescribed by the proviso to section 8 of the act of Congress of 1901, entitled 'An act to put in force in the Indian Territory certain provisions of laws of Arkansas relating to corporations, and to make said provisions applicable to said territory,' is restricted to banks or trust companies organized under the laws of Arkansas, or any other state authorized by section 8 to transact business in the Indian Territory; and said proviso did not provide a general interest law for the Indian Territory, or repeal or modify chapter 109, Mansf. Dig. (chapter 50, Ind. T. Ann. St. 1899)."

On the authority of that case, the judgment of the lower court will be reversed, and the cause remanded to the district court of Pittsburg county with instructions to set aside the judgment heretofore rendered and to grant a new-trial.

Kane and Turner, JJ., concur; Williams, C. J., and Hayes, J., concur in result.