SULPHUR BANK & TRUST CO. v. MEDLOCK *et al.*

No. 291.    Opinion Filed November 9, 1909.

(105 Pac. 321.)

**INTEREST—Usury—Regulation—Rate—Statutes.** The 8 per cent. rate of interest prescribed by the proviso to Act Cong. February 18, 1901, c. 379, sec. 8, 31 Stat. 795, entitled "An act to put in force in the Indian Territory certain provisions of the laws of Arkansas relating to corporations, and to make said provisions applicable to said territory," is restricted to banks or trust companies organized under the laws of Arkansas or any other state and transacting business in the Indian Territory as foreign corporations by virtue of said section, and does not apply to a bank organized as a domestic corporation in the Indian Territory under certain laws of Arkansas extended in force in said territory by virtue of said act.

(a) A contract or note between a banking company organized as a domestic corporation under the laws in force in the Indian Territory and an individual, providing for a rate of interest greater than 10 per cent., was void as to both the principal and interest.

Hayes. J., dissenting.

(Syllabus by the Court.)

*Error from District Court, Murray County; R. McMillan, Judge.*

Action by the Sulphur Bank & Trust Company against J. R. Medlock and others. Judgment for defendants, and plaintiff brings erorr. Affirmed.

This action was begun in the district court of Murray county on the 25th day of November, A. D. 1907, by the plaintiff in error, the Sulphur Bank & Trust Company, as plaintiff, against the defendants in error, J. R. Medlock, W. M. Medlock, and C. W. Medlock, as defendants, on a certain promissory note in the sum of $250, dated January 21, 1907, payable to the order of Medlock Bros., in said sum, with interest at the rate of 8 per cent. per annum from said date until paid, and being payable to Medlock Bros., a firm composed of W. M. Medlock, and C. W. Medlock, on the 1st day of October, 1907. The note represented a loan made

by plaintiff in error to J. R. Medlock, and in order to secure the indorsement of his codefendants, who were merchants trading under the firm name of "Medlock Bros.," the same was made payable to said firm and by it indorsed as such to plaintiff in error. The defence of usury, in connection with others, was invoked. The cause was tried to the court without a jury, and a judgment rendered in favor of the defendants, on the ground that said contract was usurious and void. According to the undisputed evidence of the parties, a loan of $225 was made to J. R. Medlock, running from January 21, 1907, to October 1, 1907, and interest charged thereon in the sum of $25, and, added to the $225, made $250, for which the note was given.

*Cottingham & Bledsoe,* for plaintiff in error.

WILLIAMS, J. (after stating the facts as above). The question here raised is whether or not the contract is rendered usurious and void by the plaintiff in error charging $25 interest for the use of $225 for 8 months and 10 days. This case is controlled by the law as it existed in the Indian Territory at the time of the admission of the state into the Union. Chapter 109, Mansf. Dig. Ark. (chapter 50, Ind. T. Ann. St. 1889), was extended over the Indian Territory by Act Cong. May 2, 1890, c. 182, sec. 31, 26 Stat. 94, and section 4732, Mansf. Dig. (section 3043, Ind. T. Ann. St. 1899), provides:

"All contracts for greater rate of interest than 10 per cent. per annum shall be void as to principal and interest;  *  *  * but when no rate of interest is agreed upon, the rate shall be 6 per cent. per annum."

In the case of *Brewer et al. v. Rust et al.,* 20 Okla. 776, 95 Pac. 233, it was held by the majority of this court that the 8 per cent. rate of interest prescribed by the proviso to section 8 of Act Cong. Feb. 18, 1901, c. 379, 31 Stat. 795, entitled "An act to put in force in the Indian Territory certain provisions of the laws of Arkansas relating to corporations, and to make said provisions applicable to said territory," is restricted to banks or trust companies organized as corporations under the laws of Arkansas or any other

states, and doing business in the Indian Territory as foreign corporations by virtue of said act. As held in *Brewer et al. v. Rust et al., supra,* the 8 per cent. rate prescribed by that act would not control as to a bank or other corporation organized as a domestic corporation in the Indian Territory under the laws extended thereto by said act of February 18, 1901. The case of *Brewer et al. v. Rust et al.; supra,* was also followed and approved by the same majority of this court in the case of *Taylor v. Merrell,* 22 Okla. 18, 97 Pac. 571, and the rule announced in said cases still seems to be adhered to by the same members of this court.

The plaintiff in error, a banking corporation organized under the laws of the Indian Territory—in other words, organized as a domestic corporation in the Indian Territory under certain laws of Arkansas extended in force in the Indian Territory by said act of February 18, 1901—under the rule laid down in said cases, would not come within the class to which the restriction as to the 8 per cent. applied. It then follows, at all events, that section 4732 applies to the contract now under consideration, and, it appearing that a rate of interest greater than 10 per cent. per annum was contracted for therein, such contract was void as to both principal and interest.

The judgment of the lower court is affirmed.

Kane, C. J., and Dunn and Turner, JJ., concur; Hayes, J., dissents.