## BANK OF GROVE v. DENNIS *et al.*

No. 966. Opinion Filed October 10, 1911.

(118 Pac. 570.)

1. **APPEAL AND ERROR—Briefs—Effect of Failure to File.** Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained, and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

2. **SAME—Review.** At the date of the execution of the note sued on, to wit, April 28, 1903, c. 109, Mansf. Dig. (Ind. Ter. Ann. St. 1899, secs. 3041-3052), which had been extended over the Indian Territory by Act Cong. May 2, 1890, c. 182, sec. 31, 26 Stat. 94,

and Act Cong. Feb. 18, 1901, c. 379, 31 Stat. 795, were both in force in the Indian Territory. Under the provisions of the former, interest at a greater rate than 10 per cent. per annum was prohibited, while under the latter the maximum rate was 8 per cent. On account of the failure of the record to show which act plaintiff in error was incorporated under, this court cannot say that the contract sued on was usurious.

(Syllabus by Robertson, C.)

*Error from Delaware County Court; Wilson N. Smith, Judge.*

Action by the Bank of Grove against Peter Dennis and others. From a judgment for defendants, plaintiff brings error. Reversed, with instructions to grant new trial.

This was an action begun in the county court of Delaware county on the 1st day of June, 1908, by the plaintiff in error, the Bank of Grove, as plaintiff, against the defendants in error, Peter Dennis, H. P. Wood, and W. H. Wood, as defendants, on a certain promissory note in the sum of $200, dated April 28, 1903, due 90 days after date, payable to the order of the Bank of Grove with interest at the rate of 10 per centum per annum after maturity until paid. The defense of usury, in connection with others, was interposed by defendants. The cause was tried to the court without the intervention of a jury, and a judgment in favor of the defendants was rendered, on the ground that said contract was usurious and void.

At the request of the plaintiff, the trial court made special findings of fact, which show:

"First. Plaintiff is a corporation as alleged in the petition. Second. There are no credits against the note sued on, except the $11 set out, and the $8 on October 28, 1903. Third. The amount due on said note after crediting makers with all payments, there being no set-off or counterclaim proven, is $302.52. Fourth. Without counting any interest whatever there is due the plaintiff on said note $181 by the terms thereof. Fifth. Plaintiff knowingly took, reserved, and charged interest at the rate of 10 per cent. per annum. Sixth. There was no contract for a greater rate of interest than the 10 per cent. per annum. Seventh. The note sued on was taken in payment and settlement of another note signed by different sureties.

Bank of Grove v. Dennis et al.

*J. G. Austin,* for plaintiff in error.

Opinion by ROBERTSON, C. (after stating the facts as above). This case was filed in this court July 17, 1909. Plaintiff in error filed its brief on the 12th day of August, 1909. More than two years have elapsed since said date, and the defendant in error has filed no brief in support of the judgment, nor has any reason or excuse been assigned for not doing so. Under the authority of the rule announced in *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *Ellis v. Outler,* 25 Okla. 469, 106 Pac. 957; *Buckner v. Bank,* 25 Okla. 472, 106 Pac. 959; *Reeves & Co. v. Brennan,* 25 Okla. 544, 106 Pac. 959; *Sharpleigh Hwd. Co. v. Pritchard,* 25 Okla. 808, 108 Pac. 360, and *School District No. 39 v. Shelton,* 26 Okla. 229, 109 Pac. 67, 138 Am. St. Rep. 962, we are warranted in reversing this case. However, in addition to the above reason, we have carefully examined the entire record, and find that the assignments of error raised in the brief of plaintiff in error require a reversal of the case on other grounds.

The note sued on was executed prior to statehood, to wit, on April 28, 1903. Action thereon was instituted subsequent to the adoption of the Constitution, to wit, June 1, 1908. At the date of the execution of the note the subject of usury in the Indian Territory was controlled by chapter 109, Mansf. Dig. (Ind. Ter. Ann. St. 1899, secs. 3041-3052)), which has been extended over the Indian Territory by Act Cong. May 2, 1890, c. 182, sec. 31, 26 Stat. 94, and by the proviso to section 8, Act Cong. Feb. 18, 1901, c. 379, 31 Stat. 795, entitled:

"An act to put in force in the Indian Territory certain provisions of the laws of Arkansas relating to corporations and to make certain provisions applicable to said territory"; both statutes being in force and effect.

See *Brewer et al. v. Rust,* 20 Okla. 776, 95 Pac. 233.

Whether plaintiff in error is a corporation organized and existing under and by virtue of the former act which permitted the taking and reserving of interest at 10 per cent. per annum, or whether it is a corporation organized and existing

under the latter act which prohibited the taking of interest in the excess of 8 per cent. per annum, we are unable to determine from the record before us. The only allegation of the corporate capacity of plaintiff in error, as shown by the record, is:

"Plaintiff is a corporation organized under the laws of the state of Oklahoma and having its office and principal place of business in Grove, Delaware county, state of Oklahoma."

And the only proof in the record as to its corporate existence is a stipulation of the parties found on page 15 of the case-made, as follows: "It is admitted plaintiff is a corporation as alleged."

If the plaintiff in error was a corporation organized under Act Cong. Feb. 18, 1901, c. 379, 31 Stat. 795, the rate of interest charged in the note would be in excess of the maximum rate permitted by law, but we cannot determine from the record that it was organized under such act. On the other hand, if it was organized under chapter 109, Mansf. Dig., it will be warranted in charging 10 per cent., and the note would not be usurious. Being unable therefore to ascertain from the record whether the instrument sued on was or was not an usurious contract, and that being the controlling question in the case, the judgment of the county court of Delaware county should be reversed, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concur.