**OKLAHOMA NATIONAL BANK, a National Banking Association, Plaintiff,**

**v.**

**RECONSTRUCTION FINANCE CORPORATION, a corporation, Defendant.**

**Civ. A. No. 4717.**

United States District Court, W. D. Oklahoma.

Nov. 15, 1951.

Luther Bohanon, Herman Merson, Oklahoma City, Okl., for plaintiff.

Jack T. Conn, Kerr, Lambert, Conn & Roberts, Ada, Okl., for defendant.

CHANDLER, District Judge.

This case arises under the Reconstruction Finance Corporation Act, 47 Stat. 5, as amended, 15 U.S.C.A. § 601 et seq.

The issue is whether interpretation of the Blanket Participation Agreement entered into between the Oklahoma National Bank, hereinafter called the bank, and the Reconstruction Finance Corporation, hereinafter called the RFC, requires knowledge on the part of a bank that any part of the funds loaned by it pursuant to the agreement is used, directly or indirectly, to repay prior indebtedness to the bank.

The Blanket Participation Agreement authorized the bank to make loans and thereafter, upon notice, require the RFC to participate in such loans up to and including 75% of the amount then due. Paragraph 3, subparagraphs (a) through (e) of the agreement set out the conditions upon which the Corporation's obligation to participate is contingent. The word "provided" is used immediately after the statement that the Corporation will participate and subparagraph (e) reads:

"No part of the proceeds of such loan was used directly or indirectly in payment of indebtedness of borrower to Bank incurred prior to the making of such loan, except with the prior written consent of RFC Agency Manager."

The only other part of the agreement which need be considered is paragraph 18, the controlling words of which are:

" * * * RFC shall be under no obligation to purchase any participation in any such loan unless there is full compliance in connection with such loan with the provisions of paragraph 3 of this Agreement."

Pursuant to the participation agreement the bank, on January 15, 1947, loaned to Ralph Fillmore the sum of $80,000. At the time the loan was made Fillmore was indebted to the bank on two notes. The bank had theretofore secured the consent of the RFC to apply a part of the proceeds to payment of one of the notes but there remained due the bank on the second note the sum of $15,589.53.

A few days prior to securing the $80,-000 loan, Fillmore borrowed $16,000 from a friend, giving him a check on plaintiff bank to repay it with instructions to hold it for a couple of days. Fillmore used the sum borrowed from this friend to pay the bank the $15,-589.53 due on the second note and thereafter the check given to repay the friend was paid out of the proceeds of the $80,000 loan. Prior written consent for payment of this prior loan with proceeds from the new loan was not obtained from the RFC.

**158**

In June of 1948 the RFC wrote the bank saying it denied liability to purchase its percentage of the Fillmore loan because of violation by the bank of paragraph 3(e) of the Blanket Participation Agreement. In February, 1950, the bank made written demand on the Corporation to purchase its designated percentage of the balance then due on the loan. The RFC refused on the same ground. Thereafter, this action was filed.

The bank admits that the manner in which Fillmore paid the $15,589.53 was an indirect use of the proceeds of the loan to pay a debt of the borrower to the bank incurred prior to the making of the loan but contends that the bank was without knowledge that Fillmore was going to use the funds in that manner and that, therefore, the agreement was fully complied with.

Assuming that the bank had no knowledge, until the commencement of this action, that Fillmore indirectly applied proceeds of the new loan to the prior loan, the word "provided" immediately preceding the subparagraphs under paragraph 3 creates a condition precedent. Brewer v. Rust, 1908, 20 Okl. 776, 95 P. 233; 34 Words and Phrases, Perm. Ed., Provided, p. 675 et seq. Furthermore, the word "indirectly" in paragraph 3(e) of the agreement includes all methods of doing the thing proscribed. Amicable Life Insurance Company v. O'Reilly, Tex.Civ.App., 97 S.W.2d 246; Maryland Casualty Co. v. Scharlach, D.C.S.D. Texas, 1939, 31 F.Supp. 931, 42 C.J.S., Indirectly, p. 1364.

It is immaterial who actually violates or causes to be violated the conditions of paragraph 3(e) of the contract. The bank is the agency which controls the negotiations leading to the making of loans, makes the loans, holds and controls the collateral and administers the loans after they are made. Such a bank cannot directly or indirectly receive any of such funds in payment of prior indebtedness of the borrower. It is charged, under its participation agreement, with knowledge of the origin of any funds it receives from the borrower. 13 C.F.R. 15.3, 15.5.

The action is, therefore, dismissed. Defendant shall have and recover from the plaintiff its costs.